## WOOD v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. ATTORNEY AND CLIENT—JUDGMENT—SATISFACTION—VALIDITY.

Code Civ. Proc. § 1260, provides that a judgment may be discharged by the clerk at any time within two years, on filing with him a satisfaction describing the judgment, executed by the attorney of record. *Held*, that such section did not authorize an attorney recovering a judgment to satisfy the same for less than the full amount due thereon after his client's death, though before the expiration of the time limited by such execution.

2. SAME—COSTS.

Since an attorney has no authority to satisfy a judgment except on full payment, satisfaction of a judgment, entered after the death of his client, for less than the amount of the judgment, in no manner ratified by the client's representatives, does not discharge the judgment, and such representatives are entitled to recover the amount of such judgment, with interest, less costs.

Appeal from trial term, New York county.

Action by Emily Wood, as administratrix, etc., against the mayor, etc., of the city of New York, to recover on a judgment entered in decedent's favor. From a judgment directed in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.

Louis Steckler, for respondent.

McLAUGHLIN, J. In December, 1897, the plaintiff's intestate, William McKinney, in an action brought by him against the city of New York, had a verdict for $619.16, but, before judgment had been entered thereon, he died. On the 3d of January, 1881, a little over 12 months after McKinney's death, the attorney of record in the action brought by him entered judgment, which, with the interest on the amount of the verdict, and the costs, amounted to $1,000.54. On the same day that the judgment was entered, the attorney received from the city $436.51 in satisfaction of the judgment, as evidenced by a writing then given by him to the city, which read as follows:

"The claim in this action having been compromised, satisfaction is acknowledged between William McKinney, plaintiff, and the mayor, aldermen, and commonalty of the city of New York, defendants, for the sum of one thousand and 54/100 dollars ($1,000.54), judgment entered in the judgment book of the clerk of the city and county of New York on the 3d day of January, 1881."

In 1885, the plaintiff, a daughter of McKinney, having then for the first time learned of the action brought by her father, and the judgment entered thereon, was appointed his administratrix, and as such demanded from the city payment of the judgment, with interest thereon from the time of its entry. Payment was refused, and thereupon this action was brought to recover the same. At the trial the facts above stated were not disputed. The defendant, however, urged as a defense that the payment to McKinney's attorney, and the satisfaction given by him, discharged the judgment, and therefore the plaintiff was not entitled to recover anything. The learned trial justice held that the payment to the attorney was not a defense to the action, except as to the amount of costs which went into the judgment, and he directed a verdict in favor of the plaintiff for the amount of the judgment, with interest from the time of its entry, less the sum of $268.11 costs, included therein. Judgment was entered in favor of the plaintiff, from which the city has appealed.

It insists that the judgment is erroneous, and should be reversed, because the attorney had authority, under the statute, to satisfy the judgment; the satisfaction having been given less than two years after its entry. We do not think so. It is true that section 1260 of the Code of Civil Procedure provides that a judgment may be canceled and discharged by the clerk at any time within two years upon filing with him a satisfaction piece describing the judgment, and executed by the attorney of record; but the judgment in McKinney's favor was not entered until more than a year after his death. When he died, the authority of the attorney was thereby revoked. He could

do nothing thereafter which would bind McKinney's estate, except, possibly, enter the judgment, and within the two years mentioned in the statute satisfy it by receiving full payment. Nothing short of full payment would authorize him to do anything which would impair the validity of the judgment, or any part of it. The general rule is that an attorney, as such, has no authority to satisfy a judgment otherwise than by full payment. Beers v. Hendrickson, 45 N. Y. 665; Arthur v. Homestead Fire Ins. Co., 78 N. Y. 462; Lewis v. Duane, 141 N. Y. 302, 36 N. E. 322. The paper which the attorney gave showed upon its face that the amount paid for the satisfaction was much less than the amount of the judgment, therefore the defendant was legally bound to know that the attorney had no authority to do what he did, and that his act would not bind his client, or relieve the city in any way, unless such act was thereafter ratified and approved by the client. McKinney died, as we have seen, over 12 months before the judgment was entered, therefore the act of the attorney was not ratified by him; and McKinney's representatives never ratified the act, because the fact is not disputed that they never received any of the money, or had any knowledge of the judgment or the satisfaction given, until 1885. It must be held, therefore, that the satisfaction was not binding upon the plaintiff, and that it relieved the city only to the extent of the costs which went into the judgment. This is what the trial judge held. He deducted from the judgment the costs included therein, and directed a verdict for the balance, with interest.

It is also urged by the appellant that the plaintiff is not entitled to interest on the judgment. A judgment, under the statute, draws interest from the time of its entry. Code Civ. Proc. § 1211.

The judgment is right, and must be affirmed, with costs. All concur.