## ADOLPH SCHLEMMER, Appellant, v. ROSA SCHLEMMER, Respondent.

### Kansas City Court of Appeals, May 30, 1904.

1. **DIVORCE: Alimony: Judgment: Statutory Construction.** Section 2929, Revised Statutes 1899, has no application to alimony *pendente lite*.

2. **JUDGMENT: Attorney and Client: Compromise: Executions.** An attorney has no authority to compromise his client's judgment though obtained by him while representing his client; on the facts in the record it was found by the trial court that the judgment had not been compromised; and an execution was properly issued thereon and not subject to be quashed.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*F. W. Gifford* for appellant.

The court can, at the trial of a motion to quash an execution, inquire into all matters affecting the judgment, which have arisen and transpired since the rendition thereof. If the defendant, respondent herein, has forfeited her rights under an order for temporary alimony or has compromised or settled the same it may be shown at the trial of a motion to quash the execution. Johnson v. Green, 60 Mo. App. 174; Hull v. Sherwood, 59 Mo. 174; R. S. 1899, section 2929; Motley v. Motley, 93 Mo. App. 473; Bishop on Marriage, Divorce and Separation, sec. 861. (2) The settlement or compromise in this case made by Judge John L. Wheeler for appellant at Independence, when the motion to stay proceedings on account of non-payment of temporary alimony in the former case was withdrawn by stipulation and

the money paid over to the attorneys in the case, should be conclusive of this controversy. Weeks on Attorneys at Law, sec. 230; Wharton on Agency, sec. 594. The settlement should be determined by the court to have been ratified by the client by reason of lapse of time, fraud being absent. Black v. Royers, 75 Mo. 441; Doon v. Domsher, 113 Mass. 151; Rooler v. Woodbridge, 46 Texas 485; Royers v. Greenwood, 14 Minn. 333.

*Henry H. Brooks* and *Geo. Horn* for respondent.

(1) We maintain that this judgment is not such a right and claim that comes within sec. 2929, Revised Statutes 1899, but that it is such a claim that vested in respondent prior to the dissolution of the marriage. Saunders v. Saunders, 144 Mo. 482; Steele v. Steele, 85 Mo. App. 224; Woodward v. Woodward, 84 Mo. App. 328; State v. Clifford, 124 Mo. 492. (2) We claim that this judgment is an incident or adjunct to the divorce proceeding and is not in any way affected by the case upon its merits, and execution will lie, at any time either for one or all of the many installments of alimony. Schmidt v. Schmidt, 26 Mo. 235. (3) The court has inherent authority to correct errors appearing in all such writs. When the judgment had been paid in part, only, the writ can not be quashed entirely. 11 Am. and Eng. Ency. of Law, p. 716, and notes; Stevens v. Chouteau, 11 Mo. 382; 8 Ency. of Pleading and Practice, 435-6-7 and notes.

ELLISON, J—Plaintiff and defendant were husband and wife and in the year 1896 he brought a suit against her for divorce. On February 1, 1897, there was an order and judgment in defendant's favor for an allowance of an attorney's fee, and also temporary maintenance of a small sum per week. Plaintiff paid $9 on this. The case seems to have been continued on

for a little more than a year, when it was dismissed. Plaintiff, shortly threafter, instituted another action on the ground of adultery and obtained a divorce from defendant for that reason, in September, 1898.

Thereafter, in December, 1902, defendant had execution issued on the foregoing judgment in which the sum claimed is the aggregate of the maintenance from the date of the judgment until the dismissal of the case. Plaintiff filed his motion to quash the execution. The ground upon which he bases this motion is that, the entire judgment was compromised and settled; and that since plaintiff, after the judgment was rendered, obtained a decree of divorce from defendant her right in the judgment was forfeited under the terms of section 2929, Revised Statutes 1899, which reads as follows:

"In all cases of divorce from the bonds of matrimony, the guilty party shall forfeit all rights and claims under and by virtue of the marriage. In all cases where the proceedings shall be ex parte, the court shall, before it grants the divorce, require proof of the good conduct of the petitioner, and be satisfied that he or she is an innocent and injured party."

We think that statute has no application to alimony *pendente lite*. The object of such maintenance of the wife is that she may be supported while the divorce proceeding is pending and to enable her to prosecute or defend in such proceeding. Such maintenance has no connection or dependence upon the final result. Steele v. Steele, 85 Mo. App. 224. The case of Motley v. Motley, 93 Mo. App. 473, has no application to the point in dispute. We are therefore of the opinion that the plaintiff is liable for the amount due under the court's order up to the date of the dismissal of the action, and that the court properly refused to quash the execution therefor.

But it is a part of plaintiff's case that the judgment was compromised and settled by plaintiff and that for

that reason an execution was wrongfully issued.  It is settled law that an attorney has no authority, as such, to compromise his client's judgment, though obtained by him while representing the client.  State v. Clifford, 124 Mo. 492; Wharton's Agency, sec. 595.  In this case, the court found that the judgment, except as to the attorney's fee, had not been compromised.  The issue involved, judging from the course of the argument, was, first, that the attorney did not in fact compromise; and, second, that he had no authority from the defendant to compromise.  A finding on either branch supports the judgment, and it is consequently affirmed.  All concur.