The Bunting Bull Company, Appellant, *v.* The City of Mount Vernon, Respondent.

Municipal contract — claim for extra work — provisions of contract examined and held that common council reserved power to control and reject claims for extra work even though such work be ordered by city engineer.

A contract with a municipality for the construction of a sewage plant contained two separate and distinct provisions, as follows: *First.* "If, during the progress of the work, any minor changes or alterations in details, quantities or methods of the work may be decided upon by the engineer, such changes, if duly authorized, will be carried into effect by the contractor, the costs of the work to be added to or deducted from the contract price, as the case may be." *Second.* "No claim for extra work shall be considered or allowed unless such extra work shall have been previously ordered by resolution of the common council. * * *' It being understood that *the engineer in charge of said work shall not have authority to order any extra work* unless he is first authorized to order the same by resolution of the common council." Upon consideration of these provisions and of the general purpose and scope of the contract, *held*, that the council reserved the power to authorize changes under the first clause and retained its control of charges for extra work against the creation of such claims by orders of the engineer.

*Bunting Bull Co.* v. *City of Mount Vernon*, 163 App. Div. 856, affirmed.

(Argued March 14, 1916; decided April 11, 1916.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 18, 1914, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg, Alfred C. Petté* and *Macintosh Kellogg* for appellant. The court erred in directing a verdict, and in refusing to allow the case to go to the

jury, because there was ample evidence showing that the additional work and materials claimed for were necessitated by changes and alterations of a minor character ordered by the engineer, and recovery therefor was authorized under the express terms of the contract. (*Shields* v. *City of New York*, 84 App. Div. 502; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Imperial Shale Brick Co.* v. *Jewett*, 169 N. Y. 143; *Paul* v. *Ins. Co.*, 112 N. Y. 479; *Halpin* v. *A. E. F. Ins. Co.*, 120 N. Y. 73; *Borough Const. Co.* v. *City of New York*, 200 N. Y. 149.)

*Frank A. Bennett, Corporation Counsel,* for respondent. The defendant, city of Mount Vernon, was obligated to pay for only such changes, alterations, additions and extra work as was authorized by it. (*Woodruff* v. *Rochester, etc., R. Co.*, 108 N. Y. 39; *Niemeyer* v. *Wood*, 72 App. Div. 630; 175 N. Y. 492; *Dillon* v. *City of Syracuse*, 29 N. Y. S. R. 912; *Richard* v. *Clark*, 43 Misc. Rep. 622; *Langley* v. *Rouss*, 185 N. Y. 201.)

HISCOCK, J. Plaintiff's assignors made a contract with the defendant to furnish labor and materials necessary for the construction of a sewage disposal plant for the sum of $135,825. The work was completed and in this action brought to recover compensation the trial judge directed a verdict for the sum of $30,093.01, which was indisputably due on said contract. Plaintiff complains because it was not also permitted to have the jury pass upon a further demand for $22,324.33 alleged to be due for extra, or as counsel prefers to designate it, additional work and material. Its claim in respect of this further alleged balance is that defendant's engineer in charge of the work during the prosecution thereof ordered certain changes to be made in the specifications which increased the cost of work and materials in the sum of $29,236.64, and that against this aggregate increase there were ordered deductions from contract

requirements aggregating $4,199.32, leaving a net increase of $25,037.32, and which had been reduced by payments to a final balance of $22,334.33.

Aside from establishing the value of the additional work and material claimed to have been thus furnished, the burden rested upon plaintiff to prove in the face of defendant's denial thereof, *first*, that there was incorporated in the contract a clause permitting alterations in contract specifications during the progress of the work; *second*, that this clause permitted the engineer in charge of the work to order the changes, or, in lieu of the last, *third*, that the common council of defendant ratified the alterations after they were made. The clause thus involved reads as follows: "If, during the progress of the work, any minor changes or alterations in details, quantities or methods of the work may be decided upon by the engineer, such changes, if duly authorized, will be carried into effect by the contractor, the cost of the work to be added to or deducted from the contract price, as the case may be."

As has been indicated, there is at the very outset a dispute whether this clause was ever incorporated in the contract. An examination of the rather voluminous evidence, however, leads us to believe that a jury would have had a right to say that it was thus incorporated, and that conclusion brings us to a consideration of its meaning, the principal question being whether under its terms defendant's engineer in charge of the work was authorized to order alterations in the performance of the contract, as was in fact done, or whether it was necessary that such alterations should be authorized by defendant's common council.

An examination of the clause simply by itself leads us to think that it was not thereby intended to empower the engineer to authorize changes. Its provision is, "If, during the progress of the work, any minor changes or alterations * * * may be decided upon by the engi-

neer, such changes, if duly authorized, will be carried into effect by the contractor." This is not an apt form of expression if the authority was to come from the engineer. In that case it was scarcely necessary to require more than that alterations should be made by the contractor if decided on by the engineer, because the latter's decision then would be all the authority that was necessary. But, if explicit authorization of the engineer was to be required in addition to his decision that the alterations should be made, certainly the natural way would have been to couple together these two acts to be performed by the same person and provide that alterations should be made "if decided upon and authorized by the engineer." Instead of this we find the detached requirements, *first*, that the alterations should be "decided upon by the engineer," and, *secondly*, that such changes, "if duly authorized" should be carried into effect, the source of authority not being located with the engineer but being governed by the general terms of the contract. The reasonable interpretation of this seems to be that after the engineer had decided that some change was advisable authority therefor should be given by the body regularly and generally intrusted with authority to speak in behalf of the municipality in such matters and which of course was the common council.

But it is appreciated that this reasoning is not conclusive and that an argument may be made leading to an opposite conclusion, and, therefore, in addition to the consideration of the language of the clause itself, there will be applied to its interpretation certain arguments arising from its general purpose and scope and from other provisions in the contract and which do quite conclusively demonstrate I believe that the provision should not be construed as asked by plaintiff.

This clause was put in the contract solely for the benefit of the municipality and not for the advantage of the contractor. It was placed there for the purpose of enabling

33

the municipality to compel the contractor to submit to the adoption of alterations which the progress of the work might show to be desirable and which, without such a provision, could not be enforced however inconsequential in extent and however important in effect.   It is difficult and in this case unnecessary to define with exactness just what deviations from the original contract could be ordered by the municipality under the provision as " minor changes or alterations in details, quantities and methods of work."   Some changes would be so unsubstantial as clearly to come within its permission. Others which would modify the very nature and substance of the contract would not come within such permission. Between these extremes might be found proposed changes which would present questions of judgment and fact, and in each case this question would be largely decided by a comparison between the proposed alteration and the original requirement of the contract upon which it was to be engrafted.   But whatever the exact test applied to each item, it is apparent that a reasonable construction of the clause in the interest of the municipality and for the accomplishment of its intended purposes would permit alterations in a large contract involving in the aggregate a large increase in cost.   This is sufficiently illustrated in the present case where plaintiff claims that additional work amounting to $29,000 was authorized upon a contract originally involving an expenditure of $135,000, or an increase of more than twenty per cent which has been imposed upon the municipality by a subordinate official if plaintiff's interpretation is correct.

We are all well aware that it is the constant effort of municipalities to so frame their contracts that they shall not be subjected to demands for extra work and material based upon orders given by some subordinate official in charge of or connected with the work.   The contract before us is no exception to this rule, for it contains a clause that "No claim for extra work shall be considered

or allowed unless such extra work shall have been previously ordered by resolution of the common council * * *. It being understood that *the engineer in charge of said work shall not have authority to order any extra work* unless he is first authorized to order the same by resolution of the common council."

If plaintiff's interpretation of the clause which we have been considering is correct the provision last quoted has been entirely nullified for the engineer in charge has been enabled to order extra work amounting to $29,000. Of course if the defendant which prepared the contract has deliberately or carelessly nullified the clause prohibiting claims for extra work on orders given simply by the engineer, by a subsequent clause allowing him to order such work under the form of alterations, it ought to suffer the consequences. But in accordance with perfectly familiar principles of interpretation we ought not to give such a construction to the contract if it can fairly be avoided. On the other hand, it is our duty to assume that the contract was prepared with care and intelligence and to adopt a construction which will give such meaning to each provision as will be in harmony with that of the other one. This result is readily and reasonably accomplished by interpreting the words " when duly authorized," ambiguous perhaps when standing alone in the clause relating to alterations, as requiring authority from the common council. We then have a contract which is consistent throughout and which secures to the municipality the protection and advantages which we must assume were intended. It has the privilege of making alterations if the engineer decides them to be desirable. But by reserving to the council the power to authorize these changes after they have been recommended by the engineer it retains its control of claims for extra work and preserves the specific prohibition in the extra work clause against the creation of such claims by orders of the engineer in charge of the work.

The argument is not overlooked that this interpretation may impose upon the council the necessity of authorizing trivial changes which should be left to the judgment of the engineer. Strictly this would be so, but practically there probably would not be any controversy over such items, as is evidenced by the fact that in this case the defendant through its council has allowed the contractor a substantial sum on account of changes made by him. But even were it otherwise, we do not think that there is any such balance in favor of the proposition that the municipality might better run the risk of being subjected to the burden of unexpected claims for extra work rather than that its council should be subjected to the trouble of passing on such work in advance, as to give much weight to the argument in favor of that construction of the clause in question which would lodge authority in the engineer.

Although we thus conclude that the contract required that extra work must be authorized in advance by the common council, it is assumed that the common council might offset the omissions thus to do by ratifying the alterations after the work had been performed, and it is urged by the plaintiff that this was done in this case. An examination of the record, however, fails to disclose any evidence which in our judgment would have permitted the jury to say that the common council, with that full knowledge necessary to a ratification, approved the changes in the contract and the performance of the extra work for which the plaintiff now seeks compensation. In the final resolution adopted by that body it did make an allowance of a certain amount on account of these items, but this was plainly done for the purpose of compromise and settlement and did not amount to a ratification.

I think the judgment appealed from should be affirmed, with costs.

CHASE, CARDOZO and SEABURY, JJ., concur; WILLARD BARTLETT, Ch. J., COLLIN and HOGAN, JJ., dissent.

Judgment affirmed.