CELIA HALLOW, Appellant, *v.* ABRAHAM HALLOW, Respondent.

First Department, April 7, 1922.

Husband and wife — separation — order directing payment of alimony and counsel fee duly entered on stipulation — stipulation reducing alimony made between attorneys without authority of plaintiff set aside — unnecessary to order arrears paid — order could be changed only by judicial order — attorney and client — attorneys had no implied authority to waive plaintiff's rights — principal and agent — stipulation not ratified by acceptance of checks for reduced amount by plaintiff without full knowledge of facts — acquiescence by principal without knowledge will not constitute ratification of agent's conduct — court has power to relieve party from unjust stipulation.

Where in an action for a separation brought by a wife against her husband, a stipulation fixing the amount of alimony and counsel fee is signed and acknowledged by the parties and also signed by their respective attorneys and an order is entered pursuant thereto, a later stipulation, reducing the alimony, made by said attorneys, but without authority of the plaintiff, is void and will be set aside, but arrears in alimony resulting from such reduction must be collected by proceeding under the authority of the original order. Such an order can be changed only by judicial order.

The plaintiff's attorneys had no implied authority to waive her rights by stipulating a reduction of the alimony.

The acceptance of checks for the reduced amount of alimony by the plaintiff without knowledge of the unauthorized stipulation did not constitute ratification of the same, since in order to ratify an unauthorized act of an agent, the principal must have full knowledge of all the circumstances, mere acquiescence without knowledge being insufficient.

*It seems*, that the court has power to relieve a party from a stipulation in a situation which is unjust, or harsh, even when fully authorized.

APPEAL by the plaintiff, Celia Hallow, from an order of the Supreme Court, made at the New York Special Term and entered

in the office of the clerk of the county of New York on the 9th day of February, 1922, denying plaintiff's motion to set aside a certain stipulation between the parties and for the payment of arrearages in alimony.

*Townsend & Kindleberger* [*E. Crosby Kindleberger* of counsel], for the appellant.

*Armin H. Mittlemann* [*Arthur C. Mandel* of counsel], for the respondent.

GREENBAUM, J.:

This is an action for separation. The complaint contains allegations of abandonment, cruel and inhuman treatment and failure to provide. No answer was interposed by the defendant. A motion for counsel fee and alimony having been made, an agreement was reached, embodied in a written stipulation dated October 31, 1919, signed and acknowledged by the parties and also signed by their respective attorneys in which the counsel fee was fixed at $250 and the alimony *pendente lite* at $75 a month, commencing on the 1st day of November, 1919, payable on the first day of each month thereafter until the 1st day of May, 1920, after which the " alimony to be paid by the defendant to the plaintiff is hereby fixed at One Hundred ($100) Dollars a month."

An order thereafter was entered on November 3, 1919, pursuant to the terms of the stipulation. Plaintiff discharged her original attorneys and retained her present attorneys who were duly substituted by order made January 9, 1922. She alleged in her moving papers that shortly thereafter she learned from her present attorneys that a stipulation had been entered into between her former attorneys and defendant's attorney, which materially changed the terms set forth in the order which had been entered under the prior stipulation. This alleged stipulation was dated December 26, 1919, and the material portions thereof are as follows: " It is hereby stipulated by and between the attorneys for the respective parties that the interlocutory and final decree that may be obtained by the plaintiff in this action upon the default of the defendant to answer or defend the same shall provide that the defendant is to pay to the plaintiff the sum of Seventy Five ($75) Dollars each and every month, payable on the 1st day of such month, during the months of November, December, January, February, March and April of *each year*, and to pay the sum of One Hundred ($100) Dollars a month, commencing with the 1st day of May, 1920, and continuing monthly until the 1st day of November, 1920, and *each year thereafter*, for the support of the plaintiff and her infant child." (Italics ours.)

The effect of the second stipulation was to fix the alimony at $75 for six months of every year commencing November first, and at $100 for the remaining six months of each year commencing May first, instead of $75 for the six months commencing November 1, 1919, and $100 per month thereafter for an indefinite period.

The plaintiff in her affidavit stated that it was not until the month of January, 1922, that she knew of or saw the alleged stipulation and that it was entered into wholly without her knowledge or authority. She also alleged that it was not until the month of November, 1921, that her attention " was called to the question of alimony, as, until that time, she received, although always sometimes late, the amount provided for in the stipulation and agreement that she had signed, dated October 31st, 1919," and that " immediately on receipt in or about the month of November, 1920, of a check for $75 she communicated with her former attorneys * * * and was informed * * * that that was all that could be obtained from the attorney for the defendant or from the defendant and that the $75 would be payable for five months and after that $100 payments would be resumed in May, 1921."

She also alleged that she thought her attorneys were doing the best that could be done to protect her rights, although she was at a loss to understand why the case was not brought on for trial, and that, becoming dissatisfied with her attorneys, she discharged them and retained her present attorneys.

The order entered upon the first stipulation being signed by the attorneys and signed and duly acknowledged by the parties was proper. (*Werner* v. *Werner*, 153 App. Div. 719.) But it could not be thereafter changed except by judicial order. (*Gewirtz* v. *Gewirtz*, 189 App. Div. 483; *Jones* v. *Jones*, 90 Hun, 414; *Hobby* v. *Hobby*, 5 App. Div. 496.)

In the *Gewirtz Case* (*supra*) this court said, PAGE, J., writing: " It is the settled law of this State that the only method by which a decree of separation can be revoked is that prescribed by section 1767 of the Code of Civil Procedure, and the only method by which the provision therein for alimony may be annulled is that set forth in section 1771, and in each instance it can only be done by the court. No agreement of the parties has any effect on the decree unless it is ratified and made effective by judicial sanction. (*Jones* v. *Jones*, 90 Hun, 414; *Hobby* v. *Hobby*, 5 App. Div. 496.) The decree in this case, therefore, remained in full force and effect."

The plaintiff's attorneys had no implied authority to waive plaintiff's rights by the reduction of the alimony given to her by order of the court. (Thornton Attorneys, § 263; *Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 628, 635; *Lewis* v. *Duane*, 141 id.

302; *Bush* v. *O'Brien*, 164 id. 205; *Wood* v. *Mayor*, 44 App. Div. 299, 301; *Matter of City of New York (In re Baker)*, 112 id. 160, 162; *Schlemmer* v. *Schlemmer*, 107 Mo. App. 487; *Sebastian* v. *Rose*, 135 Ky. 197; *Joseph* v. *Platt*, 130 App. Div. 478.)

In Thornton on Attorneys (§ 263) the author states: " An attorney has not, by virtue of his general authority, the right to waive his client's substantial rights by stipulation or otherwise. Thus, he cannot compromise or release the client's just demands.   *   *   *."

There is thus no presumption that the second stipulation was authorized by the plaintiff. The burden was upon the defendant to establish the authority of plaintiff's attorneys to make such a stipulation as this and this he has failed to do. There is not the slightest testimony contradictory of plaintiff's assertions that she never authorized her attorneys to sign the stipulation in question.

The acceptance of the checks for a reduced amount by plaintiff did not constitute a ratification of the " unauthorized " stipulation. It is well settled that in order to ratify an unauthorized act of an agent, the principal must have full knowledge of all the circumstances, and that unless this full knowledge exists, mere acquiescence will not constitute ratification of the agent's conduct. (*Bunting Bull Co.* v. *City of Mount Vernon*, 217 N. Y. 510, 516; *Weston* v. *City of Syracuse*, 158 id. 274, 290, 291; *Kissam* v. *Squires*, 102 App. Div. 536.)

The court has power to relieve a party from a stipulation in a situation which is unjust, or harsh, even when fully authorized. (*Humphries* v. *Shapiro*, 187 App. Div. 96; *People ex rel. Tappin* v. *Cropsey*, 176 id. 415.)

As to so much of the motion which asks the court to require defendant to pay the arrears of alimony to which she was entitled under the order of the court, we think that the relief sought is wholly unnecessary, since the order heretofore entered fixing alimony has not been affected by the unauthorized stipulation and the plaintiff must be relegated to the procedure provided by law for collecting these arrears.

The order appealed from is modified by reversing so much thereof as denied plaintiff's motion to relieve her from the effect of the unauthorized stipulation and as thus modified is affirmed, with ten dollars costs and disbursements to appellant.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order modified by reversing so much thereof as denied plaintiff's motion to set aside the alleged stipulation dated December 26, 1919, and granting the motion therefor, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.