(5 App. Div. 496.)

## HOBBY v. HOBBY.

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

SEPARATION FROM BED AND BOARD—DECREE—EFFECT OF RECONCILIATION.
    A decree of separation from bed and board is not annulled by subsequent reconciliation and cohabitation, without a revocatory order of court (Code, § 1767) made on application of the parties.

Appeal from special term, Kings county.

Action by Susan A. Hobby against George R. Hobby for separation from bed and board. From an order allowing alimony to plaintiff, and denying her application for attorney's fees, both parties appeal. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BART-
LETT, and HATCH, JJ.

David Provost, for plaintiff.
George H. Carpenter, for defendant.

CULLEN, J. This action is brought to obtain a decree of separa-
tion from defendant's bed and board. The defendant set up as a bar
that in the year 1868, in a similar action instituted by the plaintiff
against him, she recovered a judgment of separation and for alimony.
The plaintiff admits the recovery of this judgment, but, to avoid its
effect, avers that the parties became reconciled, and lived together
as husband and wife from 1875 to 1880, when the defendant again
abandoned her. At that time the parties, through the intervention
of a trustee, entered into an agreement of separation, whereby the
defendant covenanted to pay for the plaintiff's use the sum of $30
monthly. The defendant having made default in the payment of
this allowance, plaintiff instituted this action.

If it is clear that the plaintiff cannot succeed in this action, then
neither alimony nor counsel fee should be allowed. Ramsden v.
Ramsden, 28 Hun, 285; Davis v. Davis, 75 N. Y. 221. And, if the de-
cree of 1868 is in full force, it is practically conceded that the present
action cannot be maintained. The plaintiff's contention is that the
reconciliation of the parties operated as a discharge and determina-
tion of the decree of separation. The defendant insists that, under
section 1767 of the Code, this can only be effected by an order of the
court on the application of the parties, which, concededly, has not
been had. The exact question has been determined by the general
term of the First department in Jones v. Jones, 90 Hun, 414, 35 N. Y.
Supp. 877, adversely to the claim of the plaintiff. It also arose in an
action in the courts of New Jersey, between the parties to the case
cited. Jones v. Jones (N. J. Ch.) 29 Atl. 502. And the decision
was the same as that of the New York court. In the opinions de-
livered with these decisions the question is discussed at length, and
the authorities and statutes on the subject reviewed. In the case
in 29 Atl. a question of New York law is decided by the vice chan-
cellor of New Jersey; but that judge was for many years, before
he went on the bench, a distinguished practitioner in the city of
New York. The opinion delivered by him states so clearly the
argument and reasons resulting in his decision as to leave but little
to be added by us. Undoubtedly, under the English ecclesiastical
law, a reconciliation between the parties revoked a decree of sepa-
ration, without any action by the court. Whether this resulted from
the peculiar form of the decree, or from the general ecclesiastical law
on the subject, it is needless to determine. The whole subject was
reviewed at length by Chancellor Kent in Barrere v. Barrere, 4 Johns.
Ch. 187. The chancellor expressly refused to grant a separation
until the parties should be reconciled to each other, though he as-
sumed that he had competent power to make such a decree. "But
such a general decree seems to be of too loose a texture, and to be too
destitute of the requisite sanction. It separates the parties until

they are reconciled, and leaves that event open to dispute." Page 194. The decree entered in that case separated the parties forever, with the provision that they might at any time thereafter, by their joint act, apply to the court for leave to be discharged from the decree. Section 1767 of the Code is a mere re-enactment of the provisions of the Revised Statutes on this subject. 2 Rev. St. p. 146, tit. 1, § 56. The original note of the revisers to this section is: "New, but conformable to the practice of the court of chancery. 4 Johns. Ch. 187." In the light of the subsequent legislation, and this note of the revisers, I think it clear that the legislature intended to adopt the rule laid down by the chancellor; that is to say, that the decree should not determine or be revoked by mere reconciliation or cohabitation, but only by the action of the court. No hardship can result to the plaintiff from this decision. The articles of separation were avoided by the defendant's failure to comply with their terms. She may therefore now proceed to enforce the original decree, the same as if no subsequent reconciliation had taken place.

The order appealed from should be reversed, and the plaintiff's application denied, without costs. All concur.