### STENDAL v. ACKERMAN.

#### (Supreme Court, Appellate Term. February 4, 1904.)

1. **ACTION AGAINST SURETY—DISCHARGE—BURDEN OF PROOF.**

   The burden is on a plaintiff suing a surety to show that she herself has not been guilty of anything altering the surety's position taken when he gave the undertaking.

2. **BOND FOR ALIMONY—WIFE'S CONDUCT—RECONCILIATION—DISCHARGE OF SURETY.**

   Plaintiff obtained a judgment for separation and secured an order for alimony. On being arrested for failure to pay, the husband gave bond, with defendant as surety, conditioned that he would obey any order or judgment. After trial, but before entry of judgment, plaintiff had become reconciled to her husband, resumed marital relations, and consented to have the bond vacated. This was not done, however, and the husband again abandoned plaintiff, who began proceedings to compel support, resulting in the husband's giving another bond, covering a year, during which he made payments to plaintiff. Subsequently to these proceedings plaintiff began another action for separation, which the court held not

maintainable, because of the former judgment. The husband then moved to have the former judgment vacated, which motion was denied. Later plaintiff secured an order of arrest for her husband, and, failing to find him, gave notice to defendant that she would pursue the first bond. Defendant made one payment, but refused to make others, whereupon plaintiff sued, about two years and nine months after the bond had been given, and more than two years after the second abandonment. *Held*, that defendant was discharged from liability by plaintiff's conduct.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Anna Stendal against Frederick J. Ackerman. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Bernard Vorhaus (F. W. Russell, of counsel), for appellant.
Maxwell C. Katz, for respondent.

GILDERSLEEVE, J.  The facts of the case are substantially as follows, viz.:  The plaintiff herein obtained a judgment of separation of February 21, 1901, against her husband, one Edward Stendal, and a certified copy thereof was duly served on him in March, 1901. The judgment contained a provision requiring the defendant to pay alimony to the plaintiff.  Previous to the entry of this judgment, and during the pendency of the action, plaintiff obtained an order for the payment of alimony.  The said Stendal neglected to pay alimony as directed by said order, and he was arrested and held in bail.  Thereupon the defendant herein, Frederick J. Ackerman, and one Gademan, entered into an undertaking wherein they bound themselves jointly and severally in the sum of $500 that the said Stendal "will obey the direction of the court or of an appellate court, contained in an order or a judgment requiring him to perform the act specified in the order, or, in default of his so doing, that he will at all times render himself amenable to proceedings to punish him for the omission." The parties became reconciled immediately after the trial and before entry of judgment, and lived together again for about six months. On August 11, 1901, Stendal again abandoned his wife, and paid her nothing up to November, 1901, when she applied to the police court, and Stendal was required to give a bond for the payment of $10 a week to his wife for one year.  For this period of one year Stendal paid the $10 a week, but upon the expiration of the police court bond, in November, 1902, he refused to pay anything more.  It appears that during the period of reconciliation, and prior to the rendition of the judgment of separation, plaintiff consented to have the undertaking given in the Supreme Court action for separation vacated.  This consent, however, was never acted upon, and neither the undertaking nor the judgment has ever been vacated or modified by order of the court. Subsequent to the proceeding in the police court, the plaintiff, apparently supposing that the reconciliation had invalidated the judgment of separation, commenced another action for a separation, but the court held that the second suit could not be maintained, for the reason that the judgment in the first suit was still in full force and effect.  See

Hobby v. Hobby, 5 App. Div. 496, 39 N. Y. Supp. 36. Subsequent to this decision Stendal made a motion to vacate and set aside said judgment of separation, which motion was denied. Thereafter, and in July, 1902, plaintiff applied, under said judgment, for an order of arrest against her husband for his failure to pay alimony between August and November, 1901, which motion was granted. The affidavits upon which the order of arrest was granted show that Stendal had no property that could be sequestrated. Efforts to serve the warrant of arrest, however, it seems, were unavailing. The said Stendal has apparently run away, and placed himself out of reach of service of legal papers. On January, 1903, a notice entitled in the action of Anna Stendal v. Edward Stendal was duly served upon Frederick J. Ackerman, the defendant in the case at bar, as surety on the undertaking given in said action of Stendal v. Stendal, as aforesaid, of plaintiff's intention to enforce the said undertaking. This notice, after reciting the preliminary facts, proceeds thus:

"Please take notice that plaintiff (Anna Stendal) elects to proceed to punish the defendant (Edward Stendal) for his said omission and for his contempt, and has been, and is, unable to serve him with any proceedings for this purpose, and the said defendant cannot be found at any place within this state, and she believes that he has left this state. And the plaintiff requires you to produce the said defendant, so as to render him amenable to the proceedings contemplated, referred to and mentioned in your undertaking, or to pay to her the said sum of $84, now due, and all other sums as they may accrue due, under your said undertaking, and you will please take notice that otherwise action will be brought against you, without further notice, to recover the amount of your said undertaking, to which the plaintiff is entitled thereunder."

The defendant, upon the receipt of said notice, paid the said sum so due as alimony. Subsequently a notice similar to the notice above set forth was served upon the defendant, and the latter refused to make any further payments, whereupon this action was brought on said undertaking for the alimony then due. The Municipal Court rendered judgment in favor of the defendant, and the plaintiff now appeals.

The defendant is sued as a surety, and the burden is upon the plaintiff to show, before she can recover, that she herself has not been guilty of anything that may be said to change or alter the position defendant assumed when he gave the undertaking. It was the duty of the plaintiff to proceed with reasonable diligence in the prosecution of her action, and, when judgment was entered in her favor, to make all reasonable efforts to secure its enforcement. This she did not do, but, on the contrary, instead of exacting from her husband the payment of alimony, as ordered by the court, between the close of the trial and the entry of judgment she became reconciled with her husband, cohabited with him, and resumed peaceful marital relations. The affidavits of plaintiff and her husband made on February 19, 1901, a few days before judgment of separation was entered, are among the exhibits contained in the record. These affidavits state that the plaintiff and her husband had become reconciled, and were living together, and contained consents "that the undertaking to secure the payment of alimony be declared null and void." It appears clearly from these affidavits that at that time it was the intention of the parties either to

abandon the suit for separation, or, when the judgment was entered, to apply for a revocation thereof. It was not until January, 1903— more than two years after the second abandonment, and about two years and nine months after the order of the court which her husband failed to obey, and which failure created the alleged liability of the defendant under the bond—that plaintiff undertook to enforce her claim against the surety. Many things, as we have seen, intervened during this period. Under a misapprehension of her rights, apparently, and believing that by the act of reconciliation the judgment of separation had become null, plaintiff brought another action of separation, in which the court held that the judgment already obtained was still in full force, and that the second action, therefore, could not be maintained. She also secured an order of the police court requiring her husband to pay her alimony for a year, and it was paid. The husband moved to vacate the said judgment of separation entered on February 21, 1901, which motion was denied. She secured an order in contempt proceedings under said judgment against her husband, but was unable to serve the same, as the said husband could not be found within the state. These incidents in no way strengthen the position of the plaintiff in this action. They tend to show an absence of any intention on the part of the plaintiff to hold the defendant upon his undertaking which had been given for her benefit. It must be said that the course of the plaintiff was not a compliance with the implied terms of the contract of suretyship into which the defendant entered. It must be said that the course of the plaintiff may very well have tended to impose upon the defendant obligations which might not otherwise arise. The plaintiff was guilty of acts that impaired the defendant's rights. The principles controlling the obligations of sureties are distinctly set forth in Miller v. Stewart, 9 Wheat. 680, 6 L. Ed. 189, as follows:

"Nothing can be clearer, both upon principle and authority, than the doctrine that the liability of a surety is not to be extended by implication beyond the terms of his contract. To the extent and in the manner and under the circumstances pointed out in his obligation he is bound, and no further. It is not sufficient that he may sustain no injury by a change in the contract, or that it may even be for his benefit. He has a right to stand on the very terms of his contract; and, if he does not assent to any variation of it, and a variation is made, it is fatal."

See, also, Gahn v. Niemcewicz's Ex'rs, 11 Wend. 312.

The said Stendals placed themselves in a position where, by their joint application to the court, they could have secured a revocation of the decree, which would have canceled the bond. It was not the privilege of the plaintiff to trifle with the court and surety by entering upon an experimental life with her husband before and after the judgment of separation, and, when it proved unsatisfactory, through a second abandonment, to invoke the legal rights which the judgment and the bond were intended to secure to her. We think the plaintiff failed to make out a cause of action against the defendant for the reason that the implied terms of the contract of suretyship were changed without the consent of the surety.

The judgment should be affirmed, with costs to respondent. All concur.