MAMIE BENESCH, Respondent, v. WILLIAM F. BENESCH, Appellant.

First Department, March 8, 1918.

**Husband and wife — separation — defense — prior separation agreement.**

Where there is a valid, existing separation agreement between a husband and wife, under which provision is made for her support, she has no cause of action against the husband for separation and alimony in excess of the amount provided for in the agreement.

APPEAL by the defendant, William F. Benesch, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of November, 1917, upon the decision of the court after a trial at the New York Special Term in an action for separation.

The judgment decreed a separation and granted alimony.

*Francis E. Carberry* of counsel [*James D. Clifford,* attorney], for the appellant.

*James H. Hickey,* for the respondent.

CLARKE, P. J.:

The action was brought to procure a decree of separation. The defendant answered and in addition to denying the material allegations of the complaint set up as a separate

defense a separation agreement existing between the parties. This was an agreement under seal and was executed on the 21st day of July, 1916. It recited that

" WHEREAS, divers disputes and unhappy differences have arisen between the said parties of the first and second part by reason thereof [*sic*] they are now and have been since the 1st day of January, 1916, living separate and apart each from the other." And also

" WHEREAS, the said party of the first part has agreed to pay to the party of the second part the sum of thirty-six dollars per month to be paid as hereinafter provided which said sum the said party of the second part agrees to accept from the party of the first part in full payment and satisfaction of any and all claims which the said party of the second part now has or may hereafter have upon the said party of the first part for the support and maintenance of the said party of the second part."

It was provided that the party of the first part will pay to the party of the second part for and during her natural life the sum of thirty-six dollars per month as follows: The sum of eighteen dollars on the second day of each and every month and the sum of eighteen dollars on the sixteenth day of each and every month. Said payments should begin on the 2d day of August, 1916, and be made by United States post office money orders sent to the party of the second part by mail.

That " the party of the second part agrees to accept the said sums as above set forth in full satisfaction, payment and settlement of all claims and demands which the said party of the second part now has or may hereafter have against the said party of the first part for or on account of the full support, maintenance, medical attendance and any or all expenses, legal or otherwise, of the said Mary F. Benesch, party of the second part, for and during her natural life."

That " it shall be lawful for the said party of the second part at all times hereafter to live separate and apart from the said party of the first part and free from his marital control and authority."

That the party of the second part covenants and agrees that she will not hereafter " contract any debt or debts, charges

or liabilities whatsoever for which the party of the first part or his property or estate shall or may become personally liable or answerable and the said party of the second part hereby covenants and agrees that she will at all times hereafter keep the said party of the first part free, harmless and indemnified from any and all debts or liabilities heretofore or hereafter contracted or incurred by the said party of the second part, and from any and all actions, proceedings, claims and demands, costs, damages and liabilities or any of them.''

This action was commenced by the service of a summons and complaint on January 8, 1917, and it alleged certain acts of cruelty and violence, only one of which, however, occurred after the date of the execution of the separation agreement, and for a second cause of action the complaint alleged that on or about the 30th day of December, 1915, defendant abandoned plaintiff and has refused and neglected and still refuses and neglects to provide for the plaintiff, although able to do so, wherefore, she demands judgment for a separation and for such other and further relief as may be just.

It was clearly proved that the parties were living separate and apart at the time of the execution of the separation agreement, and it was also proved by the testimony of the plaintiff herself that she had received all the sums due to her under the agreement down to the 1st of February, 1917, and that by advice of counsel she returned to her husband two remittances sent by him in February and one in March, 1917, so that at the time she commenced this action on January 8, 1917, there had been no failure to perform the contract by her husband and hence no repudiation thereof. She, therefore, had no ground for an action for a separation.

In *Galusha* v. *Galusha* (116 N. Y. 635), where after the execution of an agreement for separation the wife brought an action for divorce for adultery, the court, although sustaining the action for divorce, held that she was not entitled to alimony, saying: '' In view of the situation of the parties, the contract was, at the time of the execution, valid and binding upon all the parties thereto. The defendant has fully performed on his part, and it would seem as if he were

entitled to the protection which it was stipulated that full performance should give to him. The argument that upon the granting of the decree of divorce there was a failure of consideration to support the agreement is without force. * * *

" Because of the marriage relation the husband was bound to support his wife. This legal obligation constituted the basis for a settlement of their affairs, and the making of an agreement by which it should be definitely determined how much he should be obliged to contribute, and she entitled to receive from him, for her support.

" After its making it was not in the power of either party, acting alone and against the will of the other, to do an act which would destroy or affect that contract."

*Powers* v. *Powers* (33 App. Div. 126) was an action to procure a decree of separation after a separation agreement had been entered into. Presiding Justice VAN BRUNT said: " It is difficult to see how this action can be maintained under these circumstances. Where the wife consents to the separation there is no abandonment. It is only where the husband deserts the wife without her consent and refuses to give her adequate and proper support, that an action for abandonment will lie. In the case at bar the parties have agreed to live apart, and consequently the separation is with the consent of the plaintiff and apparently is in accordance with her wishes. There can be no abandonment under such circumstances. * * * We think, therefore, that the motion for alimony should have been denied and the plaintiff remitted to her rights under the agreement of separation."

In *Randolph* v. *Field* (165 App. Div. 279) Mr. Justice McLAUGHLIN said: " If the separation agreement were, at the time she commenced her action for a separation, a valid and subsisting contract, upon which she relied for support, then she could not obtain support by way of alimony in such action or successfully prosecute the same. * * * It is not, of course, within the power of one party to a contract to terminate it; the consent of both is required. Nor can one of the parties to a contract of that kind, while it is in force, require alimony in an action for divorce or separation."

In *Beebe* v. *Beebe* (174 App. Div. 408) Mr. Justice THOMAS

said: " The agreement, so long as defendant kept it, took the place of any remedy the plaintiff would otherwise have for cruel treatment or abandonment. (*Winter* v. *Winter,* 191 N. Y. 462; *Hungerford* v. *Hungerford,* 161 id. 550; *Galusha* v. *Galusha,* 138 id. 272; *Johnson* v. *Johnson,* 206 id. 561.) * * * The separation agreement * * * affected at least two things. It assured her all the rights that could accrue from a judgment of separation; it promised her means of support for herself and her infant children, which takes the place of alimony. The plaintiff now asks that for the agreement for separation, which she keeps *in esse,* there be substituted a judgment for separation and that the sum stipulated for her support become alimony and enforcible as such. I perceive no legal justification for such use of the agreement for a purpose for which it was not intended. The plaintiff had her choice of the judgment of the court or agreement. She preferred the latter, and, quite competent to contract, made an agreement that for fairness is not justly attacked."

In the case at bar the learned Special Term, although there had been no repudiation of the agreement by the defendant up to the time of the commencement of the action and payments were made and received and also sent to and returned by the plaintiff after the commencement of the action, has entirely ignored the agreement and has allowed alimony in excess of the amount therein provided.

Upon the foregoing authorities the judgment appealed from was erroneous and should be reversed and judgment given for the defendant.

SCOTT, SMITH, DAVIS and SHEARN, JJ., concurred.

Judgment reversed and judgment ordered for defendant. Order to be settled on notice.