LOUISA GEWIRTZ, Appellant, *v.* LOUIS GEWIRTZ, Respondent.

First Department, November 21, 1919.

Husband and wife — separation — revocation of decree of separation — annulment of provision for alimony — contempt — when agreement for separation and stipulation to vacate prior decree and order to punish defendant for contempt not a bar to a subsequent motion to punish defendant — agreement releasing husband from liability to support wife in violation of section 51 of Domestic Relations Law.

A decree of separation can only be revoked as prescribed by section 1767 of the Code of Civil Procedure, and the only method by which a provision therein for alimony may be annulled is that set forth in section 1771,

and in each instance it can only be done by the court. No agreement of the parties has any effect on the decree unless it is ratified and made effective by judicial sanction.

Where after the granting of a decree of separation and of an order to punish the defendant for contempt in failing to pay alimony, the parties entered into an agreement whereby in consideration of the payment of said accrued alimony to the plaintiff and in consideration of the defendant waiving his expressed desire to go to jail rather than pay, they agreed to live separate and apart and the plaintiff promised to accept the said payment in full satisfaction of her support, maintenance and alimony, until they should again be reconciled, and to consent to the vacation of the decree and order entered in the action, and in pursuance of said provision, a stipulation was entered into providing that the said action and all proceedings be discontinued, but no application was made to the court and the decree remained of record, the defendant may nevertheless be punished for contempt upon subsequent failure to pay alimony pursuant to the decree of separation.

The aforesaid agreement in effect released the husband from all liability to support his wife and was, therefore, void as against public policy and in violation of section 51 of the Domestic Relations Law.

MERRELL, J., and CLARKE, P. J., dissented, with opinion.

APPEAL by the plaintiff, Louisa Gewirtz, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of August, 1919, denying her motion to punish the defendant for contempt of court in failing to pay certain alimony.

*Eugene I. Yuells,* for the appellant.

*Chauncey E. Treadwell* of counsel [*Mortimer W. Solomon,* attorney], for the respondent.

PAGE, J.:

The plaintiff obtained a decree of separation from her husband, wherein he was adjudged to pay her $10 a week alimony. The defendant failed to pay, and when he owed $1,140 a motion to punish him for contempt was granted. The defendant thereupon threatened to suffer confinement rather than pay, in fact he expressed a keen desire to go to jail rather than pay. Under duress of this threat the plaintiff was induced to enter into an agreement on August 12, 1918, whereby in consideration of the payment of $1,140 to the

plaintiff, and in consideration of the defendant waiving his " desire to go to Ludlow Street Jail," the parties agreed to live separate and apart, and the plaintiff agreed to accept the payment of the $1,140 in full satisfaction of her support, maintenance and alimony for the past and in the future until they should again be reconciled and live together as husband and wife. The agreement also provided that the plaintiff agreed to consent to the vacation of the decree and order entered in the action. In pursuance of this last provision of the agreement a stipulation was entered into, signed by the attorneys for the respective parties in the action and by the parties individually, that in view of the amicable adjustment of the controversy between the parties the said action and all proceedings be discontinued without costs and the decree of the court theretofore entered be vacated, set aside and declared null and void, as if no such action was ever commenced, nor such decree entered, and that an order to that effect might be entered without further notice. No application was made to the court under said stipulation and the decree remains of record.

On June 18, 1919, a certified copy of the decree together with notice of entry thereof, and a duplicate original power of attorney, was served on the defendant and demand made for the payment of the sum of $530 due for alimony under the said decree. Payment being refused, an order to show cause why the defendant should not be punished for a contempt of court was served. The learned justice at Special Term denied the motion upon the ground that until the agreement and stipulation were set aside they defeated the plaintiff's right to any further payments, as provided in the decree.

It is the settled law of this State that the only method by which a decree of separation can be revoked is that prescribed by section 1767 of the Code of Civil Procedure, and the only method by which the provision therein for alimony may be annulled is that set forth in section 1771, and in each instance it can only be done by the court. No agreement of the parties has any effect on the decree unless it is ratified and made effective by judicial sanction. (*Jones* v. *Jones*, 90 Hun, 414; *Hobby* v. *Hobby*, 5 App. Div. 496.) The decree in this case, therefore, remained in full force and effect.

There was no consideration for the agreement, nor did it affect the status of the parties. It purports to be an agreement of separation, but the parties were already separated by a decree of the court. It purports to be made in consideration of the payment of $1,140. The defendant was not only at that time legally bound to pay that sum to the plaintiff, but he had been adjudged guilty of a contempt of court for failure to pay to her that very sum. His failure to pay was shown to be a flagrant contempt of the decree of the court, for he demonstrated his ability to comply with the decree by making the payment upon the execution of the agreement. His contempt was, therefore, contumacious. That he escaped punishment for his contempt operated to his benefit and not to the plaintiff's advantage.

The agreement was void, as against public policy, as evidenced by the statutes of the State. Section 51 of the Domestic Relations Law among other things provides: " A husband and wife can not contract  *  *  *  to relieve the husband from his liability to support his wife." By this is not meant that the wife may not agree to accept a gross sum in lieu of a provision for periodical payments for future support and maintenance if fair and reasonable, and entered into in good faith. (*Greenfield* v. *Greenfield,* 161 App. Div. 573; *Van Ness* v. *Ransom,* 164 id. 483; affd., *sub nom. Parsons* v. *Macfarlane,* 220 N. Y. 605; *Levy* v. *Dockendorff,* 177 App. Div. 249.) In the case under consideration there was no payment for future support. The only sum paid was that allowed by the court for present maintenance, which by the failure of the defendant to pay had become due and owing for support and maintenance theretofore. Therefore, the purport of this agreement was to absolutely release the husband from all liability to support his wife.

The most that the defendant was entitled to, in consideration of his payment of the $1,140, was a discontinuance of the proceeding to punish him for contempt. This he received. He complains that he waived his desire to go to jail for contempt of court. He being again in contempt, the opportunity of fulfilling that desire will be restored to him by the granting of this motion.

The order should be reversed, with ten dollars costs and

disbursements, and the motion granted, with ten dollars costs.

LAUGHLIN and DOWLING, JJ., concurred; CLARKE, P. J., and MERRELL, J., dissented.

MERRELL, J. (dissenting):

A decree separating the parties having been made and the defendant being in default in the payment of alimony therein provided, the parties entered into an agreement in which the plaintiff agreed to accept the sum of $1,140 in satisfaction of the decree and in lieu of all alimony which might be payable thereunder. On her part the plaintiff also agreed to pay certain bills. The agreement was in writing, under the hands and seals of the parties, and a formal stipulation was entered into, signed by both parties, as well as by their respective attorneys, reciting the amicable adjustment of the controversy between the parties, stipulating a discontinuance of the action, and consenting that the decree of separation be vacated. The sum thus agreed upon by the parties as in lieu of alimony was thereupon paid by defendant.

A motion has now been made by plaintiff to punish defendant for contempt under the decree so agreed to be vacated and set aside, and to compel defendant to furnish security in the sum of $2,500 to insure the payment of future alimony.

The court is asked, on motion, to disregard such agreement of the parties, and to enforce the decree as entered.

The provisions for alimony contained in the decree are but a continuation and a crystallization of defendant's legal liability to support his wife, the amount necesssary therefor being thereby judicially determined. The parties, being able to contract, had, however, at all times a legal right to determine for themselves the amount to be paid for such support. Such an agreement having been made, it is binding until set aside by a court of competent jurisdiction. (*Galusha* v. *Galusha*, 116 N. Y. 635; *Winter* v. *Winter*, 191 id. 462; *Benesch* v. *Benesch*, 182 App. Div. 221; *Cain* v. *Cain*, 188 id. 780; *Van Ness* v. *Ransom*, 164 id. 483; affd., *sub nom. Parsons* v. *Macfarlane*, 220 N. Y. 605.) In the last-mentioned case the agreement was made one day after a decree of absolute

divorce was entered. In the agreement the husband agreed to pay a certain sum in lieu of the provisions of the decree. Years later the plaintiff endeavored to recover under the decree and the court held that the agreement had been substituted therefor, even though all sums mentioned in the agreement had not been paid.

Certainly a party has the right to satisfy a judgment or to release or waive rights under a decree. This the plaintiff has done by two written instruments, neither of which has been set aside by any court of competent jurisdiction.

Agreements between husband and wife for the support of the latter have always been enforced. As was said respecting such an agreement in *Beebe* v. *Beebe* (174 App. Div. 408), cited with approval by Presiding Justice CLARKE in *Benesch* v. *Benesch* (*supra*): " The plaintiff had her choice of the judgment of the court or agreement. She preferred the latter, and, quite competent to contract, made an agreement that for fairness is not justly attacked."

Such agreements have never been held to be against public policy. The courts should encourage rather than discourage amicable agreements between the parties after separation.

If the plaintiff wishes to avoid her agreement, she should proceed by action to set the same aside, and if she can show that the contract was procured by fraud, duress or undue influence, or that the same is against public policy, or for any other reason should not be upheld, she will be entitled to succeed. (*Galusha* v. *Galusha*, 116 N. Y. 635; *Hungerford* v. *Hungerford*, 161 id. 550, and other cases above cited.) She cannot, however, admit making the agreement and in disregard thereof proceed by motion under the decree.

The motion to punish defendant for contempt for failure to obey the decree was properly denied, and the order appealed from should be affirmed, with costs.

CLARKE, P. J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Order to be settled on notice.