Annie Schatzberg, Appellant, v. Louis Schatzberg, Respondent.

First Department, May 2, 1930.

Louis Jersawit, for the appellant.

George E. Netter of counsel [Burnstine & Geist, attorneys], for the respondent.

Martin, J. On the 27th day of June, 1924, the plaintiff was granted a judgment of separation from her husband with an allowance of twenty-five dollars a week alimony for the support of herself and an infant daughter. The defendant says he complied with the terms of the judgment until the parties became reconciled. They thereafter lived together for several months, but again disagreed and separated. The defendant then resumed payments

of a part of the weekly allowance provided for by the terms of the judgment. The plaintiff now seeks to enforce the judgment by compelling the defendant to pay the unpaid alimony which has accrued since the period of reconciliation ended.

No proceedings having been taken at any time to set aside the judgment of separation, it is in full force and effect and may be enforced against the defendant. It may be revoked by complying with section 1165 of the Civil Practice Act which provides as follows: " Judgment for separation may be revoked. Upon the joint application of the parties, accompanied with satisfactory evidence of their reconciliation, a judgment for a separation, forever, or for a limited period, rendered as prescribed in this article, may be revoked at any time by the Court which rendered it, subject to such regulations and restrictions as the Court thinks fit to impose."

In the case of *Gewirtz* v. *Gewirtz* (189 App. Div. 483) the court said: " It is the settled law of this State that the only method by which a decree of separation can be revoked is that prescribed by section 1767 of the Code of Civil Procedure, and the only method by which the provision therein for alimony may be annulled is that set forth in section 1771, and in each instance it can only be done by the court. No agreement of the parties has any effect on the decree unless it is ratified and made effective by judicial sanction. (*Jones* v. *Jones*, 90 Hun, 414; *Hobby* v. *Hobby*, 5 App. Div. 496.) The decree in this case, therefore, remained in full force and effect."

In the case of *Barrere* v. *Barrere* (4 Johns. Ch. 187), Chancellor KENT in a very able discussion of this subject stated the reason why a decree of separation should not be revoked by the parties to the decree. He said (*195): " But such a general decree seems to be of too loose a texture, and to be destitute of the requisite sanction. It separates the parties *until they are reconciled*, and leaves that event open to dispute."

In *Jones* v. *Jones* (90 Hun, 414) the court held that the ecclesiastical law of England relative to divorce and subsequent reconciliation was never adopted in the State of New York and that the statutes of this State relating to the subject are original regulations; that the only method by which a judgment for a separation forever, or for a limited period, can be revoked, is that prescribed by section 1767 of the Code of Civil Procedure (section 1165 of the Civil Practice Act), and it can only be done by the court. It was also held that the fact that after a decree of separation was granted the parties lived together as husband and wife did not operate to revoke the decree.

In the case of *Hobby* v. *Hobby* (5 App. Div. 496), an action brought

by a wife to obtain a decree of separation from her husband's bed and board, the defendant answered that in a similar action in 1868 the plaintiff recovered a judgment for separation and for alimony, which the plaintiff admitted, but in order to avoid its effect alleged that the parties were reconciled and lived together from 1875 to 1880, when the defendant again abandoned her, at which time the parties, through the intervention of a trustee, entered into an agreement of separation by which the defendant covenanted to pay thirty dollars monthly for the use of the plaintiff, which the defendant had not done. The court held that the action could not be maintained; that the decree of separation, entered in 1868, was not vacated or in any manner revoked by the reconciliation or cohabitation of the parties; that this could only be done by an order of the court, which was contemplated by section 1767 of the Code of Civil Procedure, a re-enactment of the provisions of the Revised Statutes; that the plaintiff, as the articles of separation had been avoided by the defendant's failure to comply with their terms, was free to proceed to enforce the original decree of 1868 in the same manner as if no subsequent reconciliation had taken place.

In *Beeber* v. *Beeber* (225 App. Div. 757), the Appellate Division, Second Department, said: " * * * The separation decree continued in full force and effect, both with respect to the period before the alleged reconciliation and the period after the alleged reconciliation, so long as no order revoking the decree was made pursuant to section 1165 of the Civil Practice Act, which section provides the exclusive method of revoking or terminating a decree of separation. (*Hobby* v. *Hobby*, 5 App. Div. 496; *Jones* v. *Jones*, 90 Hun, 414; *Hallow* v. *Hallow*, 200 App. Div. 642; *Gewirtz* v. *Gewirtz*, 189 id. 483.) In so far as *Lawrence* v. *Lawrence* (202 App. Div. 844) is to the contrary, that case is overruled."

We may refuse in a proper case, as we have frequently done, to punish a defendant for contempt, especially where there has been a reconciliation and the parties have been living together, or where the wife and children are being supported by the father, but where the judgment of separation is in full force and effect and the parties have again separated, the provisions of the judgment for the payment of alimony may be enforced. The judgment herein is in full force and effect irrespective of all the motions, orders and appeals that have been made or decided by the respective courts. The parties have been living separate and apart and the defendant has failed to pay the alimony due under the terms of the judgment.

The order should be reversed and the matter sent to the Special

Term to determine the amount of alimony that has become due since the parties have finally separated after the period of reconciliation and a judgment entered for that amount. In making this computation, consideration should be given to the payments made by defendant, and a proper adjustment made between the parties.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted to the extent indicated.

DOWLING, P. J., McAVOY, O'MALLEY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and the matter remitted to the court at Special Term for further action in accordance with opinion.