EDNA MAMPELL GRAY, Plaintiff, *v.* GEORGE FRANCIS GRAY and Others, Defendants.

Supreme Court, New York County, January 12, 1932.

*Buhler, King & Miller*, for the plaintiff.

*Benjamin Marcus*, for the defendant.

Shientag, J. On December 6, 1918, the plaintiff obtained a decree of separation from the defendant Albert W. Gray, wherein she was awarded alimony for herself and their two children of $35 a week. On April 18, 1922, an agreement was made between the parties to this action, whereby the wife purported to discharge the husband of all future claims to maintenance and support and the husband agreed to pay her $200 a month instead of the $35 a week required by the 1918 decree. The defendant Alice Woodruff Gray, the mother of the husband, guaranteed the performance of her son's agreement. Several months after the agreement of support was entered into, and while its terms were being carried out, defendant instituted an action for divorce, in France, against his wife, alleging abandonment and desertion. The wife, in that action, counterclaimed for divorce upon similar grounds and was successful. For nine years thereafter the agreement of support was treated by both parties as being in full force and effect and its provisions lived up to. The defendants, now some months in default under the agreement of support, justify their failure to pay on the ground that the separation agreement was without consideration and an invalid attempt to modify a judicial decree without recourse to the procedure for modification outlined in section 1170 of the Civil Practice Act. But there is nothing in this section which renders it an exclusive mode of dealing between separated husband and wife. Provided that the status of the wife is safeguarded in a reasonable manner, the parties may make contractual arrangements for support and maintenance. (*Levy* v. *Dockendorff*, 177 App. Div. 249, and the cases therein cited.) Here the wife surrendered a right of substantial value, the right to apply for a modification of the 1918 decree if changed economic conditions and personal circumstances made this necessary. This constituted a valid equivalent for the agreement of the husband to pay a third more than the 1918 decree required, and that agreement is now enforcible, as is the guaranty. The subsequent divorce obtained by the plaintiff did not relieve the defendant of his obligation, particularly in view of the fact that at the time of the French decree neither party claimed that it operated as a rescission of the agreement of support, but, on the contrary, for nine years thereafter both parties, by actual performance, treated the agreement as valid and effective. (*Galusha* v. *Galusha*, 116 N. Y. 635.) *Pinkus* v. *Pinkus* (230 App. Div. 791) is not authority to the contrary. Under the circumstances of that case, it was held that a rescission of the separation agreement would be implied where after breach by the husband he sued for divorce and the wife counterclaimed for separation, setting up the husband's

breach of his agreement for maintenance. The defense of payment is made, but no facts are presented in the defendants' affidavits to suggest that the extra payments of money claimed to have been made by defendant were intended as advance payments of his unmatured obligations. In view of the definite written admissions of the defendant, that defense is sham, and no triable issue of fact is raised. Motion is accordingly granted. Settle order.