CHARLOTTE B. OGLE, Appellant, Respondent, *v.* ALFRED M. OGLE, Respondent, Appellant.

First Department, June 19, 1942.

*Herbert C. Smyth* of counsel [*George Natanson* with him on the brief; *Wellman, Smyth & Lowenstein,* attorneys], for the plaintiff.

*Charles C. Tillinghast, Jr.,* of counsel [*Hughes, Hubbard & Ewing,* attorneys], for the defendant.

CALLAHAN, J. The action is by a former wife against her former husband, based upon a decree of divorce granted in 1925 in the State of Indiana. The decree provided that plaintiff was to receive alimony from the defendant in the sum of $75,000, of which $40,000 was to be paid upon entry of the decree, and $35,000 to be paid in annual installments of $5,000 each during the years 1933 to 1939, inclusive, and, in addition, that the defendant was to pay to the plaintiff for the maintenance and support of the children of the marriage the sum of $5,000 in the year 1926, and the sum of $8,000 per year thereafter until the youngest child became twenty-one years of age. The youngest child became twenty-one years of age in 1940.

The plaintiff alleges that there became due and owing under the terms of said decree the amount of $188,666.67, and that no part thereof has been paid except the sum of $40,000. She demands judgment for the balance of $148,666.67.

Briefly summarized, the first defense is to the effect that up to and including December 31, 1931, the defendant paid to the plaintiff the sums ordered by the decree for the maintenance and support of the children. After the date last mentioned the defendant met financial reverses and was unable to pay further amounts. Defendant informed plaintiff of such inability, and, in view of the fact that at the time of their separation defendant had given to the plaintiff property of a value sufficient to provide support for the plaintiff and the children, plaintiff consented to and acquiesced in defendant's failure to pay the amounts decreed. Such acquiescence continued until after the children reached their majority. Under the laws of Indiana a decree of the nature of that involved herein may be modified by the court issuing it at any time with respect to unmatured payments, and the circumstances aforesaid constituted sufficient ground for such modification. Because of plaintiff's consent to and acquiescence in defendant's failure to make the payments required by the decree, defendant refrained from petitioning the Indiana courts for a modification of said decree. By reason of the foregoing, and under the laws of Indiana, plaintiff waived her right to the payments ordered by the decree, and is now estopped to enforce said payments.

The second complete defense repeats the foregoing allegations, except those relating to defendant's refraining from applying to the Indiana courts for a modification, and the allegation that a waiver or estoppel was created by Indiana law. This defense alleges, in addition, that shortly after December 31, 1931, plaintiff, in consideration of the defendant's agreement to pay towards the support of the children all that he could reasonably afford, and to refrain from seeking a modification of the aforesaid decree, agreed to accept and receive, in lieu of the amounts ordered to be paid under the decree, such amounts as defendant could reasonably afford to pay. After the making of the aforesaid agreement defendant refrained from seeking a modification of the aforesaid decree, with the plaintiff's consent and acquiescence. By reason of these circumstances, any obligation which the defendant owed to the plaintiff by reason of the decree had been satisfied and discharged in full.

The first partial defense repeats the facts pleaded in the first complete defense, except that it limits itself to the amounts claimed for the wife's alimony, as distinguished from the sums claimed for the support of the children.

The second partial defense repeats the second complete defense, except that it is likewise applied to the sums due for the wife's alimony, as distinguished from the amounts due for the support of the children.

The fourth partial defense repeats all of the allegations found in the second complete defense, and adds thereto the claim that about September, 1935, defendant transferred to plaintiff valuable securities having a market value at the time of approximately $10,000, and a prospective value in excess of that amount, which securities were accepted by the plaintiff in full satisfaction and discharge of the amounts due under the decree which had accrued up to that time.

Special Term found that the first complete, and the first and third partial defenses were insufficient, and dismissed them. It upheld, however, the second complete, and the second and fourth partial defenses.

As no appeal is taken from the dismissal of the third partial defense, we need not consider it.

We find that the first complete defense is sufficient in that it pleads that, under the law of Indiana, the matter alleged therein amounted to a legal waiver of plaintiff's rights or created an estoppel. Assertion of foreign law being a statement of fact, we deem that this defense is sufficient.

The second complete defense we find insufficient because it appears to rest on the law of the State of New York, and to assert an agreement by the wife to accept and receive, in lieu of the amount ordered to be paid by a judgment, sums less than those provided in the judgment. The defense is one of satisfaction or discharge based on such facts. Under the laws of this State any such agreement of release or discharge by payment of less than the amount adjudged by the court would be without consideration and of no legal force. (*Gewirtz* v. *Gewirtz*, 189 App. Div. 483.)

The first partial defense, like the first complete defense, is an assertion of the law of Indiana, and is sufficient if we assume, as we must, that the law of that State may differ with respect to these two classes of payments, and be applicable to the wife's alimony alone.

The second partial defense is insufficient for the reason set forth in respect to the second complete defense.

The fourth partial defense would appear to be sufficient as a plea of part payment to the extent at least of the value of the stock referred to, if plaintiff has not given defendant credit for this amount in her complaint.

The order, so far as appealed from, should be modified in accordance with this opinion and, as so modified, affirmed, without costs, with leave to defendant to serve an amended answer within ten days after service of a copy of the order to be entered herein.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Order, so far as appealed from, unanimously modified in accordance with opinion, and, as so modified, affirmed, without costs, with leave to the defendant to serve an amended answer within ten days after service of a copy of the order to be entered herein. Settle order on notice.