Michael Catalano, J.
The plaintiff seeks to punish defendant for an alleged contempt of court in failing to pay alimony; to require him to pay the expenses of bringing this proceeding.
Her moving papers state that on April 18, 1956 she obtained a judgment of divorce against defendant; that on June 11, 1957 the parties agreed in writing to modify the terms of this judgment increasing the payments of support by defendant to plaintiff from $15 to $25 weekly; that on June 11, 1957 two copies of this judgment and agreement were duly served upon defendant; that from August 2, 1958 to and including December 6, 1958 defendant paid only $15 per week, leaving a balance owing of $190; that plaintiff receive, also, $50 for counsel fee for bringing this proceeding.
The defendant answers stating that the modification agreement was entered into upon condition that if defendant’s “ circumstances changed ”, “ plaintiff would allow an adjustment accordingly; ” that on August 2, 1958, “the plaintiff herein orally agreed to adjust the alimony payments to $15.00 per week because deponent was preparing to marry Gloria O ’Mara; ’ ’ that on September 13, 1957 defendant married Gloria O’Mara who expects the birth of their first child in March, 1959; that defendant’s present wife has three children from a former marriage, aged 9, 6 and 4; that defendant’s present wife receives $15 each week for the support of these children who received 50% of their support from defendant. After outlining bis financial situation, the defendant prays that the original judgment be modified “ to $10.00 per week ”; that the “ modification agreement be declared null and void”; that the plaintiff be required to pay her own counsel fees.
The judgment of divorce between these parties provides that the defendant pay to the plaintiff the sum of $15 per week for her support and maintenance; “ that it shall not be lawful for *405 the defendant to marry again until the plaintiff is actually dead.”
The defendant has made no proper motion on notice for the modification of the judgment of divorce, although he prays for affirmative relief.
The plaintiff shows no violation of the divorce judgment by the defendant.
Basically a divorce judgment ends the marriage and future rights and duties springing from the marriage relationship; thus, no right of support can survive, except as granted by the final judgment of divorce, or by a judicially authorized amendment thereto. (Lynn v. Lynn, 302 N. Y. 193, 203.)
A statutory right to support survives the final judgment of divorce according to section 1170 of the Civil Practice Act, providing, in part: £ £ The court, by order, upon application of either party to the action * * # after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, may annul, vary or modify such directions, or in case no such direction or directions shall have been made, amend it by inserting such direction or directions as justice requires * # * for the support of the plaintiff in such final judgment or order or orders.”
Where a contract between the parties based upon adequate consideration authorizes an amendment to the divorce judgment, untainted by fraud, duress, undue influence or misrepresentation, overreaching, or misunderstanding, and the judgment is amended accordingly, such contract is valid and binding. (Hoops v. Hoops, 292 N. Y. 428, 431-432.)
Although section 51 of the Domestic Relations Law does not apply to such a contract between the parties to the divorce, nevertheless, sections 1169 and 1170 of the Civil Practice Act do apply. (Hoops v. Hoops, supra, pp. 432-433.)
The parties cannot by contract divest the courts of their power over alimony payments, or circumvent the legislative mandate in this regard. (Kraunz v. Kraunz, 293 N. Y. 152, 156.)
In short, the only way a contract concerning alimony can have any effect upon a divorce judgment is by judicial action. (Gewirtz v. Gewirtz, 189 App. Div. 483, 485. See, also, Hallow v. Hallow, 200 App. Div. 642; Aldrich v. Aldrich, 220 App. Div. 555, appeal dismissed 247 N. Y. 563; Beeber v. Beeber, 225 App. Div. 757; Ogle v. Ogle, 264 App. Div. 412; Bartenbach v. Bartenbach, 271 App. Div. 799; Kruger v. Kruger, 279 App. Div. 808.)
*406 A contract between divorced spouses concerning alimony, based upon adequate consideration, and not otherwise legally objectionable as a contract, would be binding as such. (Wolfe v. Wolff, 153 Misc. 668 [App. Term, 1st Dept.]. See, also, Hoops v. Hoops, supra; Gray v. Gray, 149 Misc. 273.)
Here, the plaintiff seeks the unusual remedy of contempt based upon a judgment of divorce that has not been changed by judicial action. The contract increasing the weekly payments from $15 to $25 for plaintiff’s support cannot change the judgment without a further order of the court. No relief is sought herein upon such contract exclusively.
It may be that such contract is enforcible as such; it may be that the divorce judgment should be modified.
The only matter before this court is the motion instituted by the plaintiff upon an order to show cause dated December 11, 1958, together with her accompanying papers.
This motion is denied, without costs.
Prepare and submit order accordingly.