■ MARIE COPPOLA, Respondent-Appellant, v. ERNEST COPPOLA, Appellant-Respondent.— In a separation action by the wife, a judgment was entered in her favor in the Supreme Court, Queens County, on May 25, 1953. Such judgment, *inter alia,* provided: (a) that as long as the wife should continue to reside in the house owned by them as tenants by the entirety, the husband shall pay all maintenance charges upon such real property and all utility bills therefor; (b) that he shall maintain charge accounts for the wife to the extent of $50 a month; and (c) that, in addition, he shall pay the wife $40 a week for her support and for the support of one of their two daughters. At about the time of the entry of said judgment, the parties became reconciled and lived together as husband and wife until May, 1957. Thereafter, their marital relations ceased, although they continued to live in the same house until March, 1959. The husband then left for Minnesota; the wife refused to accompany him. In January, 1960, alleging the husband's defaults (subsequent to his departure for Minnesota) in the payments required to be made by him under the judgment of separation, the wife moved to sequester the said real property, to increase the alimony payments and for other relief. On February 10, 1960, upon the husband's default, the court made an order which, *inter alia*: (a) modified the judgment (misdescribed as an " order ") so as to increase the amount of the permanent alimony to $75 a week; (b) sequestered the real property and the rents and profits thereof; (c) appointed her receiver of the real property; and (d) authorized her as receiver to sell the property upon application to the court. Thereafter, the wife applied to the court to sell the sequestered property. The husband thereupon cross-moved to open his default, to vacate the order of February 10, 1960, to reduce the amount of his alimony payments, and for other relief. On the return date of such motions, the parties stipulated to a voluntary sale of the property; to certain payments out of the proceeds of the sale to the parties and their attorneys; and to the retention by the parties' attorneys of the balance in escrow, pending the hearing and determination by the court of the various issues presented by the parties. The property was sold; the stipulated payments (which included one of $2,500 to the husband and one of $4,500 to the wife) were made; and the balance of the proceeds, amounting to approximately $25,000, was held in escrow as agreed. In January, 1961, the wife moved: (a) to direct the attorneys to remit to her from the escrow account the sum of $6,427.39, being the total of the alimony arrears which allegedly had accrued; the sum of $75 a week during each week, beginning January 16, 1961, in which the husband failed to pay said sum; and the sum of $50 a month in each month in which the husband failed to maintain charge accounts for her in that amount; and (b) to set a date for a hearing as to the amount of the future alimony payments and as to the amount to be held as security therefor. A hearing was held, and an order on the motion was entered June 27, 1961. Said order *inter alia*: (a) granted the wife's motion to the extent of directing the attorneys to remit to her from the escrow account the sum of $6,427.39, less certain deductions aggregating $903.95, or a balance of $5,523.44, out of which sum unpaid utility bills of $418.38 are to be paid; (b) opened the husband's default on the motion which had resulted in the order of February 10, 1960; (c) by reason of a daughter's marriage and emancipation, reduced to $60 a week the payments required to be made by the husband to the wife, and reduced to $35 a month the amount required to be paid by the husband for her charge

accounts; (d) directed the attorneys to remit to the wife from the escrow account $60 a week for alimony and $35 a month for the maintenance of the charge accounts; and (e) directed that the moneys remaining in the attorneys' escrow account be held as security for future alimony payments. The parties have now cross-appealed as follows from said order of June 27, 1961: The defendant husband appeals from the entire order. The plaintiff wife appeals, as limited by her brief, from so much of the order: (a) as deducted $903.95 from the amount allowed as alimony arrears; (b) as reduced the amount of the current alimony payments to her for her support and maintenance; and (c) as directed that the balance remaining in the attorneys' escrow account be held as security for future alimony payments. Order of June 27, 1961, modified by striking therefrom the first five ordering paragraphs, and by substituting therefor: (1) a provision directing the attorneys within 10 days after entry of the order hereon, to remit to plaintiff, from the escrow account, one-half the net proceeds of the sale of the real property formerly held by the parties as tenants by the entirety, the computation to be based upon the addition to such net proceeds of the sum of $303.95, representing the aggregate amount of the mortgage and assessment installments paid out of the proceeds of the sale, with a deduction from the amount due plaintiff of the sum of $4,500 heretofore paid to her; (2) a provision directing that the balance of the moneys in the escrow account be set aside and held as security for the future alimony payments required to be made by the defendant for plaintiff's maintenance and support; (3) a provision directing the attorneys to remit to plaintiff, from said escrow account balance, the sum of $5,773.44 as and for alimony arrears through January 9, 1961; directing that the sum of $418.38, representing the unpaid utility bills, be paid therefrom; and directing that defendant's uncashed check for $200, dated November 30, 1960, be returned to him; (4) a provision granting defendant's motion to open his default on the motion which resulted in the order of February 10, 1960, to vacate that order and for other relief, to the extent of reducing his alimony payments to plaintiff to $70 per week and the charge account payments to plaintiff to $35 per month, commencing January 16, 1961; and (5) a provision directing the attorneys to remit to plaintiff, from said escrow account balance, the sum of $70 a week for alimony, and $35 a month for the charge accounts, in every week or month (as the case may be) in which defendant shall fail to make such payments. As so modified, the order, insofar as appealed from, is affirmed, without costs. In our opinion, despite the reconciliation of the parties, the separation decree continued in full force and effect (*Beeber* v. *Beeber*, 225 App. Div. 757); and where (as here) husband and wife have again separated, its alimony provisions may be enforced for the period subsequent to the new separation (*Schatzberg* v. *Schatzberg*, 229 App. Div. 214, appeal dismissed 255 N. Y. 635). On the record as presented, we find and conclude as follows: Plaintiff is entitled to one half of the net proceeds of the sale of the real property formerly owned by the parties as tenants by the entirety (*Secrist* v. *Secrist*, 284 App. Div. 331, 334, affd. 308 N. Y. 750). The sum of $303.95 for mortgage and assessment installments which were paid out of the proceeds of the sale, should have been paid by the defendant under the provisions of the separation decree; and plaintiff should be given appropriate credit therefor. The balance of the escrow account should be held as security for the payments directed to be made by defendant for plaintiff's support and maintenance. We also find on the record presented that a payment of $150 was made by defendant to plaintiff and was not credited to him in plaintiff's computation of the arrears; and that defendant's check for $200, dated November 30, 1960, has not been deposited. Such uncashed check does not constitute

payment (cf. *Bradford* v. *Fox*, 38 N. Y. 289; *Szwento Juozupo Let Draugystes* v. *Manhattan Sav. Inst.*, 178 App. Div. 57, 61). In our opinion, the weekly alimony should not have been reduced below the sum of $70. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.