Morris Slifkin, J.
Plaintiff moves for multiple matrimonial relief seeking to hold the defendant in contempt for failure to paj temporary support ordered by the court, requiring the defendant to provide reasonable security for such payments, *501 and to enter a money judgment for the amount claimed to be in arrears. The issues raised by this motion and the answering paper's thereto were directed to be heard pursuant to an order of this court dated March 2, 1973.
The basic facts involved in this decision are simply stated. Plaintiff made a motion for temporary alimony and counsel fees. While this motion was pending and before a decision was rendered, defendant claims that an oral understanding was reached between plaintiff and defendant which, in effect, disposed of the issues raised by the motion: The defendant further claims that he has performed and continues to perform the agreed oral arrangement. Subsequent to the date of the claimed oral agreement, a decision was rendered by this court on the motion and thereafter, after notice of settlement, an order awarding temporary alimony was- duly made and entered by the court. No notice of appeal has been filed from the order.
There is authority for the position that once an order or judgment has been entered, a modification of its terms can be effected only by a stipulation in writing signed by the parties and their attorneys and ratified and made effective by judicial .approval. (Gerwirtz v. Gerwirtz, 189 App. Div. 483.) Where the claimed subsequent agreement was oral, it can be effective only if ratified and made effective by judicial action. (Kruger v. Kruger, 279 App. Div. 808; Bartenbach v. Bartenbach, 271 App. Div. 799.) A right granted under an order or a judgment may be waived by an oral agreement and by the subsequent conduct of the parties provided the proof rises to the level required by the court. (Axelrad v. Axelrad, 285 App. Div. 903.)
The cases above cited, however, do not bear upon the issues raised under the facts prevailing in the instant situation. . Here, prior to the. creation of a right on the part of the plaintiff by the entry of an order, the parties entered into an oral agreement and it is urged that the performance of that agreement constitutes a bar to the enforcement of the order. Absent an abandonment of a motion by the plaintiff and the consent of plaintiff to accept the terms of the claimed oral agreement in lieu of and as a full disposition of the issues raised by the motion, this, court holds that any claimed rights accruing to the defendant by virtue of the oral agreement were merged in and did not survive the entry of the order. Particularly is this true where, as in the instant case, defendant was given notice of settlement of the proposed order, did not propose a cross order, did not move to reargue the motion by reason of a change of facts, did not move to resettle the order and did not file a notice of appeal. *502 The defendant is bound by the order as entered. (See Kulzer v. Kulzer, 11 A D 2d, 614.)
This decision is not intended to preclude the defendant from seeking relief from the terms of the order as entered. It simply holds that the antedating oral agreement could not and did not modify the terms of the subsequent order, but was merged therein.
The defendant is found to be in contempt for failure to make the support payments directed by the order of this court and may purge himself of. such contempt by paying all sums payable under the terms of the said order up to the return day of the motion, said payments to be made within 30 days of service upon defendant or his attorney of a copy of the order to be entered herein with notice of settlement. Plaintiff’s motion is denied in all other respects.