Louis B. Heller, J.
This action for divorce pursuant to *986 subdivision (5) of section 170 of the Domestic Relations Law is contested by the wife. Her answer denies the material allegations of the complaint and interposes as an affirmative complete defense that the plaintiff "did actively solicit and engage in a course of cohabitation with the defendant in violation of the terms of the separation judgment.” That this conduct was done with the intent and for the purpose of abrogating the terms of the said separation judgment and that as a result of the said conduct, plaintiff has not complied with, nor conformed, nor abided by the terms of the separation judgment.
Under the law, an action for divorce may be maintained where the husband and wife have lived apart pursuant to a decree or judgment of separation for a period of one or more years after the granting of such decree or judgment, and "satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such decree or judgment.”
It appears from the testimony at the trial that the parties were legally separated by judgment dated February 2, 1967. Since the said judgment, the husband and wife have resided in separate abodes. In fact, they have resided in separate boroughs. It also appears that although the parties separated pursuant to the separation judgment, they remain friendly. The defendant wife maintains that over the eight years or more of separation, she had sexual intercourse with her husband on a fairly regular basis. She testified that in 1975 they had sexual relations about six times. In the prior years the frequency was allegedly greater. She also testified that on occasion she stayed overnight at her husband’s home before returning to her own home. The plaintiff husband denies sexual relations with her after the judgment of separation. He does admit socializing with her on occasion.
The court disagrees with the defendant’s contention that the plaintiff has not "substantially performed all the terms and conditions” of the separation judgment by reason of alleged acts of sexual intercourse between the spouses. Although a decree of separation permits spouses to live separate and apart, it does not bar resumption of marital relations. In fact, it is in the public interest that a reconciliation occur and that the family unit be re-established (Matter of Levine, 194 Misc 518, 522).
Since the parties were judicially separated on February 2, 1967, the husband has made all required alimony payments. *987 The defendant has accepted such payments. It is undisputed that the plaintiff husband and the defendant wife have each maintained their own separate homes independently of each other since the judgment of separation, a period of more than eight years.
The concept of divorce on the grounds specified in subdivision (5) of section 170 of the Domestic Relations Law is self-evident. "Implicit in the statutory scheme is the legislative recognition that it is socially and morally undesirable to compel couples to a dead marriage to retain an illusory and deceptive status and that the best interests not only of the parties, but of society itself, will be furthered by enabling them to extricate themselves from a perpetual state of marital limbo” (Gleason v Gleason, 26 NY2d 28, 35).
The court in applying the words of the statute to this case must keep in mind the statutory purpose and not blindly arrive at an unreasonable and absurd result. (Williams v Williams, 23 NY2d 592, 599.)
Even if the relations between the parties were as friendly as claimed by the wife during the eight years or more of judicial separation, no reconciliation has resulted. There are no children of this marriage. It is apparent to the court that a denial of the divorce would not reinstate the marriage.
It is the settled law of this State that a judgment of separation is not revoked even where the parties become reconciled and cohabit. A judgment of separation may be revoked only by an application to the court by both parties (Domestic Relations Law, § 203; Coppola v Coppola, 17 AD2d 647, 648; Quirk v Quirk, 175 Misc 703; Gerwitz v Gerwitz, 189 App Div 483; Granchelli v Granchelli, 31 Misc 2d 838). Thus, a denial of the divorce would leave the parties in their present separated situation.
As the court does not deem sexual intercourse between the spouses, under the facts of this case, a sufficient defense to the action, no finding on this issue need be made.
The court finds that the plaintiff has proven that he and his wife have lived separate and apart for a period of more than one year after the separation judgment and satisfactory proof has been submitted by the plaintiff that he has substantially performed the terms and conditions of the judgment.
An application has been made by the defendant for an increase in alimony from the $20 a week awarded her in the *988 separation judgment to a sum of $40 per week. Where divorce pursuant to subdivision (5) of section 170 of the Domestic Relations Law follows a separation judgment, the court is privileged to consider the question of alimony de novo (Kover v Kover, 29 NY2d 408, 413; Brown v Brown, 39 AD2d 540). Under all the circumstances and considering defendant’s present employment, the court sees no reason, to increase the alimony beyond the $20 per week required by the separation judgment. A counsel fee in the sum of $500 is allowed to the defendant for her attorneys. Divorce granted.