DORA WASHBURN, Plaintiff, *v.* CHARLES WASHBURN, Defendant.

Supreme Court, Saratoga County, July 24, 1930.

*Frank F. Crawford,* for the motion.

*Hall & Carusone* [*F. Andrew Hall* of counsel], opposed.

HEFFERNAN, J. This is an application for an order to punish defendant for contempt for failure to pay alimony awarded by a judgment of separation entered on April 18, 1929. By that judgment defendant was directed to pay plaintiff the sum of five dollars per week for support and maintenance. Defendant complied with the provisions of the judgment until September 1, 1929, when the parties effected a reconciliation and resumed conjugal relations which continued until May 20, 1930, during which time defendant supported plaintiff. It is not claimed, however, that the judgment of separation was revoked by judicial decree. Defendant now claims that because of the matrimonial cohabitation of the parties the judgment of separation became a nullity, and that plaintiff has lost her right to collect alimony.

It is the settled law of this State that the only method by which a decree of separation can be revoked is that prescribed by section 1165 of the Civil Practice Act, and the only method by which the provision therein for alimony may be annulled is that set forth in section 1170 of the same act. (*Bailey* v. *Bailey,* 119 Misc. 433; *Gewirtz* v. *Gewirtz,* 189 App. Div. 483.) It is not competent for the parties to a matrimonial action by agreement between themselves to amend, revoke or modify a judgment. This can only be done by judicial sanction. (*Jones* v. *Jones,* 90 Hun, 414; *Hobby* v. *Hobby,* 5 App. Div. 496; *Hallow* v. *Hallow,* 200 id. 642.)

Equitably the maintenance of the wife by the husband during the period in which they lived together as husband and wife after the entry of the judgment should estop her from recovery of alimony. The plaintiff had her choice to take the amount which the judgment gave her or to accept support from her husband. She preferred the latter and she should not now be permitted to repudiate her act. She is not entitled to the allowance of alimony which the court awarded her and at the same time to receive support by virtue of a separate agreement with her husband. The courts should encourage rather than discourage amicable agreements between the parties after a separation. It seems to me, therefore, that the maintenance of the wife by the husband after

the resumption of matrimonial cohabitation constitutes full payment of all installments of alimony during the continuance of that relationship.

The application is, therefore, granted, with costs only to the extent, however, of punishing defendant for failure to pay installments of alimony accruing subsequently to the separation of May 20, 1930.