Justine Wise Polier, J.
The petitioner instituted the action in this court in 1962 on behalf of the child of the marriage born on October 9, 1945. The respondent, then in default under an agreement incorporated in a Mexican decree of divorce, was placed under an order of support for his son in accordance with his means.
The sole issue now is whether this court has jurisdiction to enforce an agreement between the parties under which the respondent undertook to support, pay tuition, books, laboratory fees, etc., for the son of the marriage if he were in college or professional school after his 21st birthday and until he had concluded his education. The respondent acknowledges that the son is not working and is in his senior year at the University of Pennsylvania. He also acknowledges the agreement but alleges that as a matter of law this court cannot enforce it under section 443 of the Family Court Act.
‘ ‘ § 443. Order of support by father ;■ duration.
“ If the court finds after a hearing that a father is chargeable under section four hundred thirteen with the support of his minor child and is possessed of sufficient means or able to earn such means, the court shall make an order requiring the father to pay"[1]
This amendment in 1966 inserted “minor” preceding “child” and omitted the former subdivision (b) which restricted the order for a child to his minority except in eases of physical or mental disability or for other exceptional circumstances.
Absent the 1961 agreement dated August 10, 1961, under which the respondent specifically agreed to the support now sought for Joseph, it is clear that this court would have no jurisdiction to order any support by the father subsequent to the 21st birthday of the son.
The novel question of law presented by this case is whether this court has such jurisdiction by reason of section 466 of the Family Court Act.
The agreement between the parties was “ approved in all its terms and provisions ” and incorporated in a final decree of divorce in Mexico. These facts and the validity of the decree are not in contest. The agreement provides: “ Should Joseph attend and be a full-time student at a college or at a school for *1044 the study of a profession, then while he is attending and is a full-time student at such college or school, even though he shall be twenty-one years or over, the husband agrees to continue to pay the weekly payments for Joseph’s support and maintenance as aforesaid. Said payments shall continue until Joseph’s graduation from college and/or professional school or the termination of his studies, whichever occurs first * * * and though he be twenty-one years or over, the husband agrees to pay the tuition, books, laboratory and other fees connected thereunder ”.
Under subdivision (c) of section 466 of the Family Court Act, the law was amended in 1965 to grant jurisdiction to the Family Court where an order or decree granting alimony or support has been entered by a court of competent jurisdiction not of the State of New York.[2]
The respondent alleges that the jurisdiction of this court to enforce the provision for support of the child incorporated in the foreign decree is limited by section 443, and that the order made in accordance with the terms of the agreement and foreign decree must now be vacated.
There is nothing in the statute to indicate that there was any intent on the part of the Legislature to restrict this court from fully enforcing agreements incorporated into decrees by courts of competent jurisdiction outside the State of New York. In the absence of such restriction there is every reason to exercise the authority and responsibility for enforcing orders on behalf of children entered by courts of competent jurisdiction unless they are against the public policy of this State. Although requirements for residence and grounds for granting decrees may vary from State to State and in foreign States, the doctrine of full faith and credit to decisions by sister States and recognition of foreign decrees where both parties have been represented has long been accepted.
To permit the respondent in this case, who specifically agreed to provide for his child while in college or professional school after he became 21 years of age, to obstruct the enforcement of those parts of the agreement and the decree, into which the *1045 agreement was incorporated, would be to restrict the authority and jurisdiction of this court under subdivision (c) of section 466. Moreover, it would invite the abrogation of agreements and decrees entered into in good faith to the detriment of children for whom undertakings for future education had been assumed as a condition to separation or divorce. Such interpretation of section 466 would be contrary to the public policy of this State and the best interests of children in this State.
The motion to vacate the order is denied, and the case is adjourned for all evidence on the enforcement of the agreement incorporated into the decree of divorce.

. As amd. by L. 1966, eh. 256, § 48, eff. April 30, 1966; L. 1966, eh. 559, eff. Sept. 1, 1966.

. “ § 466. Effect of granting of support in action for divorce, separation or annulment. ***(c)**’if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony or support in any such action, the family court may (i) entertain an application to enforce the order or decree granting alimony, or (ii) entertain an application to modify the order or decree granting alimony on the ground that there has been a subsequent change of circumstances and that modification is required.” (As amd. by L. 1965, ch. 355, eff. Sept. 1, 1965.)