Louis Otteh, J.
This case presents an interesting question of the extent to which the Family Court may go in enforcing the order of support of a court of competent jurisdiction not of the State of New York.
A separation agreement between the parties dated August 24, 1967, was incorporated by reference into but made to survive a Mexican divorce decree obtained by the respondent as plaintiff (upon his personal appearance and the appearance of the petitioner by her counsel) under date of April 15,1968. The separation agreement contains usual provisions for support of the wife and children and relating to custody and visitation, none of which are involved in this proceeding.
Prior to their separation the parties occupied a co-operative apartment. The agreement provides that the wife shall continue in occupancy of the apartment; that the husband will effect the transfer thereof to the wife and will guarantee the payment of the rent and ‘ ‘ any other charges duly imposed and compelled by the co-op ”; that the “ husband also agrees to pay any and all rent and other co-op charges which are presently in arrears ” on the date of the agreement; that in addition to all other payments, the husband shall, ‘ ‘ for the support of the Wife, pay all rent, carrying charges and any other charges compelled and imposed by Hilltop Village Co-op Number Four, Inc.”, that the “ Husband shall have the privilege of paying the charges levied by said Co-op by certified check or money order payable to the Co-op and delivered to the Wife on or before the first day of each month.” The final provision of the separation agreement relating to the issue herein reads in material part as follows: ‘ ‘ The Husband acknowledges that he is responsible for all bills and obligations *337 of the Wife and children incurred up to the date hereof including, but not limited to, the bill as follows: * * * all Co-op charges * * * and the Husband hereby agrees to pay same and indemnify the Wife and hold her harmless from all claims, actions and attorney’s fees incurred by the Wife in defending said claims. # * * Upon his failure to defend said action, the Wife will thereupon have the right to obtain her own counsel and the Husband shall be obligated to pay any fees therefor.”
The petition in this proceeding alleges that the respondent has failed to comply with the aforesaid provisions in that he has failed to pay the rent and other charges as in said agreement provided and is currently in arrears. Respondent denies these charges, and testimony at the hearing indicates there is an issue of fact as to whether or not respondent is in arrears and, if so, the amount thereof.
The jurisdiction of the Family Court to enforce the support provisions of the order of an out-of-State court of competent jurisdiction not only for the benefit of a child (Family Ct. Act, § 461, subd. [b], par. [i]) but also for the benefit of the former wife (§ 466, subd. [c], par. [i], eff. Sept. 1,1965) is no longer subject to question, since the decision of the Court of Appeals in Matter of Seitz v. Drogheo (21 NY 2d 181 [1967]). Furthermore the jurisdiction of this court to enforce provisions of a separation agreement incorporated in the order of an out-of-State court of competent jurisdiction in a divorce or separation action may go beyond the basis provided in section 413 of the Family Court Act so as to require payments such as for college or professional school tuition and other fees after the child has reached his 21st birthday. (Matter of Weber v. Weber, 51 Misc 2d 1042 [1966].)
However, the difficulty in the present case arises because the true issue is one of fact and possibly one of law between the respondent, on one. hand, and the co-operative corporation, landlord, on the other. The landlord is not a party to this proceeding nor is it subject to the jurisdiction of this court. Consequently, the determination of the issue involved would not be binding upon the landlord.
The applicable portions of both section 461 and section 466 of the Family Court Act provide that if the order of the other court provides for support, “ the family court may (i) entertain an application to enforce the order ”. The use of the word “ may ” in both subdivisions is clearly intended to endow the Family Court with discretion not to entertain the application to support in a case in which the processes of this court are inappropriate. Where, as here, the application necessarily involves determina *338 tion of rights and obligations of a third party not subject to its jurisdiction, the court should refuse to entertain the application. This is particularly true here, because the rights of all parties can be protected and enforced in an appropriate action in the Civil Court or the Supreme Court, where third-party practice, if necessary, can be invoked to bring all parties before the court (CPLR 1001 et seq.).
Accordingly, the petition herein must be dismissed.