THE PEOPLE OF THE STATE OF NEW YORK ex rel. H. ROBERT GARDNER, Appellant-Respondent, v. FLORENCE GARDNER, Respondent-Appellant. (Proceeding No. 1.) In the Matter of FLORENCE (ISAACS) GARDNER, Respondent-

Appellant, v. H. Robert Gardner, Appellant-Respondent. (Proceeding No. 2.) —Proceeding No. 1, in habeas corpus, was instituted in 1966 by a husband against his wife to determine custody of their daughter, who was then a minor. That proceeding was determined by an order of the Family Court, Westchester County, dated July 1, 1968, denying visitation privileges to the husband and directing him to pay for the child's support, arrears of such support payments, and the wife's counsel fees. Various subsequent applications were made therein, including one charging the husband with violation of said order; and those applications were consolidated with proceeding No. 2, which was brought by the wife in 1970 to compel payment for her support, all of which resulted in an order and a judgment of the same court, both dated November 15, 1971 and made after a nonjury trial. Both parties have cross-appealed from the order and the judgment. Order modified, on the law and the facts, by (1) striking therefrom the first and sixth decretal paragraphs thereof, which respectively (a) conditionally sentenced the husband to a 180-day penitentiary term for violation of the order of July 1, 1968 and (b) granted the wife's motion for support for herself; (2) substituting therefor a provision denying the applications for such relief; (3) by inserting in the second decretal paragraph thereof, immediately after the provision therein increasing the amount of support to be paid for the parties' child from $50 to $85 per week as of August 15, 1969, in place of the order of July 1, 1968, the following: " except that the petitioner in proceeding No. 1 is relieved of the requirement to pay for the daughter's support after December 13, 1970, when she attained her majority "; (4) reducing the amount adjudged as the arrears in the third and fourth paragraphs thereof from $13,070 to $9,795; (5) striking from the third decretal paragraph thereof the provision that the amount of the arrears shall be paid within 60 days after service of a copy of the order; (6) striking from the fifth decretal paragraph thereof, which denied a cross motion by the husband to cancel or reduce the arrears, the words " denied in its entirety " and substituting therefor the following: " granted to the extent hereinabove directed and otherwise denied "; and (7) reducing the award of counsel fees and disbursements for the wife in the seventh decretal paragraph from $3,579.10 to $1,750 and striking from said paragraph the provision which directed that payment for the counsel fees and disbursements be made in specified installments. As so modified, order affirmed, without costs. The support arrears, as reduced herein, shall be paid as follows: $2,000 within 30 days after entry of the order to be made hereon and $50 per week thereafter until the balance shall have been paid in full. The counsel fee and disbursements award, as reduced herein, shall be paid within 30 days after entry of the order to be made hereon. Judgment modified, on the law and the facts, without costs, by (1) reducing the amount of the award for support arrears in the first decretal paragraph thereof from $13,070 to $9,795; (2) reducing the total of the recovery granted in the first two decretal paragraphs thereof from $13,080 (which includes $10 costs) to $9,805 (which includes the same $10 costs); (3) by striking therefrom the fourth decretal paragraph, which refers to the sentence of the husband to a 180-day penitentiary term; and (4) adding thereto the following provision: " The total recovery, $9,805, shall be paid as follows: $2,000 within 30 days after entry of the order of the Appellate Division of the Supreme Court, Second Judicial Department, determining the cross appeals from this judgment as originally entered and $50 per week thereafter until the balance shall have been paid in full." As so modified, judgment affirmed, without costs. The provision in the order sentencing the husband to a penitentiary term should be stricken, because we find the specified amounts which he was directed to pay

to purge himself of the sentence were excessive and/or improperly imposed. The direction to pay $85 per week for support of the daughter subsequent to the date she attained majority, December 13, 1970, is improper. The husband was no longer chargeable with her support after that date (Family Ct. Act, § 413; see *Seaman* v. *Seaman,* 37 A D 2d 551). The husband should pay arrears of $9,795 for the daughter's support, not $13,070 as directed in the order and judgment appealed from, because that is the amount he was in arrears on the date the daughter attained majority. The wife is self-supporting and therefore there was no basis for awarding her support payments of $40 per week. The $3,579.10 award for counsel fees and disbursements was excessive and should be reduced to $1,750. The support arrears payments and the counsel fee and disbursements award, as reduced herein, should be paid in the manner hereinabove directed. Rabin, P. J., Munder, Martuscello, Latham and Benjamin, JJ., concur.