■ BEVERLY VAN NAME, Respondent, v. LA RUE APPLEGATE, Appellant.— In an action to recover (1) damages for breach of contract and (2) counsel fees, based on section 238 of the Domestic Relations Law, for the prosecution of this action and two prior actions, defendant appeals from a judgment of the Supreme Court, Nassau County, dated May 25, 1973, in favor of plaintiff on the latter cause of action, after a nonjury trial. Judgment reversed, on the law, with costs, and complaint dismissed. In 1968 plaintiff and defendant entered into a separation agreement pursuant to which defendant undertook to pay $15,000 annually for the support of plaintiff and $15,000 annually for the support of their then 12-year-old son. In addition, defendant promised to pay plaintiff $150,000 in three $50,000 payments to be made in January of 1969, 1970 and 1971. In 1969 plaintiff obtained a Mexican divorce decree which incorporated but did not merge the separation agreement. In 1972 plaintiff successfully prosecuted two actions against defendant for support moneys for her son due under the separation agreement. Thereafter plaintiff commenced the action at bar upon two causes of action. In her first cause of action plaintiff alleged that, defendant having failed to pay the $50,000 payable in January, 1971 pursuant to the separation agreement, the parties agreed in July, 1971 that, in place of that payment, defendant would pay $8,000 to plaintiff, would deliver to her 1,500 shares of certain corporate stock and would pay her certain dividends declared on those shares. Plaintiff, demanding the value of the stock and the dividends declared, claimed that defendant had breached the July, 1971 agreement by failing to deliver the shares and to pay the dividends. In her second cause of action plaintiff, alleging the 1969 Mexican decree, the commencement of the two 1972 actions for support moneys for the parties' son, and the commencement of the action at bar for defendant's breach of the July, 1971 agreement, demanded counsel fees pursuant to section 238 of the Domestic Relations Law. Plaintiff's first cause of action was discontinued by settlement during trial but, upon her second cause of action, she obtained the judgment at bar awarding her $7,000 for the counsel fees and expenses in question. In our opinion, the judgment must be reversed, because the action at bar is not one to compel payment of a sum of money required to be paid by the Mexican decree and, hence, counsel fees and expenses were not obtainable by plaintiff under section 238 of the Domestic Relations Law (cf. *Fabrikant* v. *Fabrikant*, 19 N Y 2d 154). Defendant's substituted promise, for the breach of which plaintiff claimed damages in the action at bar, was an essentially different undertaking than that contained in the separation agreement incorporated in the Mexican

decree. Nor may plaintiff justify the judgment insofar as it is applicable to an award of counsel fees and expenses for the two prior actions for support moneys for the parties' son upon a claim that necessaries were furnished by her for her son by her payment of counsel fees for the prosecution of those actions. The jurisdiction of the Supreme Court to award counsel fees in those actions is traceable to section 438 of the Family Court Act, which requires that counsel fees be fixed in those actions (*Matter of Cassieri* v. *Cassieri*, 31 A D 2d 927; see *Riemer* v. *Riemer*, 31 A D 2d 482). Shapiro, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.