■ KATHLYN E. LESAUVAGE, Respondent, v STEPHEN LESAUVAGE, Appellant.—In a matrimonial action in which the plaintiff wife was granted a judgment of separation, defendant appeals from so much of the said judgment of the Supreme Court, Nassau County, entered October 25, 1974, as fixed the amounts of alimony and counsel fees. Judgment modified, on the facts and in the exercise of discretion, by (1) reducing the award of alimony from $675 per week to $500 per week and (2) reducing the award of counsel fees from $10,000 to $7,500. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion the awards of alimony and counsel fees were excessive to the extent indicated herein. Christ, Munder and Shapiro, JJ., concur; Martuscello, Acting P. J., concurs as to the reduction of counsel fees, but otherwise dissents and votes to affirm the judgment insofar as it is appealed from.

■ VIRGINIA LYNCH, Respondent, v JOHN LYNCH, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the appeal, as limited by appellant's brief, is from so much of an order of the Family Court, Nassau County, dated July 2, 1974, made after a hearing, as, in modifying a prior support order of the same court, fixed July 8, 1974 as the effective date of the reduction in certain child support payments. Order reversed insofar as appealed from, on the law, without costs, and effective date of said reduction fixed at March 14, 1974. Except under exceptional circumstances, not here present, a father is not chargeable with the support of a child after the date the child attaines majority (Family Ct. Act, § 413; *People ex rel. Gardner v Gardner,* 39 AD2d 735, affd. 32 NY2d 884; cf. *Seaman v Seaman,* 37 AD2d 551). Gulotta, P. J., Rabin, Hopkins Munder and Shapiro, JJ., concur.

■ WALTER MIGOLEY, Respondent, v MID-EASTERN MILLS, INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from an interlocutory judgment of the Supreme Court, Kings County, entered April 10, 1974, against them upon the issue of liability, upon the trial court's setting aside of the jury verdict in favor of defendants upon that issue and its direction for the entry of an interlocutory judgment in favor of plaintiff. Interlocutory judgment reversed, without costs, and jury verdict reinstated. The trial court erred in setting aside the jury verdict and in directing a verdict in plaintiff's favor on the issue of liability. It cannot be said that the jury could not have reached its verdict on any fair interpretation of the evidence. Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.