Kenneth W. O’Hare, J.
This is another in a long series of Family Court proceedings between the parties. The mother initially sought to enforce in this court a Mexican decree of divorce which incorporated by reference a separation agreement entered into between the parties. By order of this court dated January 23, 1974, the father is currently obligated to pay $550 a month plus $35 arrears for the support of the mother and two children, David and Leslie. On March 2, 1977, the father filed for a downward modification, alleging that child support for David should cease because he is over 21.
The terms of a separation agreement dated March 9, 1967 and incorporated into a Mexican decree of divorce dated May 3, 1967 provide:
"9. The husband shall pay to the wife as and for her support and maintenance during her lifetime or until she shall remarry, the sum of $3800.00 per annum, and the sum of $1400.00 per annum for each of the issue of the marriage until emancipated or arrival at their respective majorities *975 provided, however, that each is able to earn a living or is self-supporting and not otherwise prevented from earning a living or becoming self-supporting by reason of any handicaps. (Emphasis supplied.)
"Such payments for the daughter shall cease upon her marriage. Upon the boys arriving at their eighteenth birthday, if they are capable of earning their own living, or otherwise emancipated, or in the Armed Forces, or sooner die, then the provision relating to their support shall terminate.”
The separation agreement clearly provides that if any child is incapable of being self-supporting by reason of a handicap, the father’s support obligation is to continue beyond the age of majority. Prior proceedings in this court have established that David is mentally and physically handicapped (retarded). The instant petition does not allege that David is capable of being self-supporting. The father alleges only that the child support order of this court for David must terminate because he is now 21. The mother, who lives in Florida with David, did not appear in person or by counsel, although she opposed the father’s petition by letter, which asserts that David is retarded, unable to speak, and not self-supporting.
At the outset, the court notes that David’s disabilities and potential to become a public charge alone do not provide a sufficient basis for the extension of a support order beyond his 21st birthday. "The spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof * * * if of sufficient ability, is responsible for the support of such person * * * provided that a parent shall be responsible only for the support of his child or children who have not attained the age of twenty-one years.” (Family Court Act, § 415.) The court thus does not base its decision on the fact of David’s handicap alone, but looks primarily to the father’s obligation to support David beyond the age of majority pursuant to the divorce decree which incorporates the above-quoted section of the separation agreement.
The issue before the court is whether the divorce decree which incorporates the above-quoted clause of the separation agreement permits the current Family Court order entered pursuant to section 466 of the Family Court Act to run beyond the child’s 21st birthday.
"Except under exceptional circumstances * * * a father is not chargeable with the support of a child after the date the child attains majority”. (Lynch v Lynch, 47 AD2d 928; Sea *976 man v Seaman, 37 AD2d 551.) The Appellate Division cases do not detail what constitutes exceptional circumstances. This court holds that where a father signs a separation agreement obligating himself to support his child beyond the age of majority if the child’s handicap prevents him from being self-supporting and that agreement is later incorporated in a foreign divorce decree, sufficient exceptional circumstances exist to permit the support order to run beyond the child’s majority.
A Family Court case, Matter of Weber v Weber (51 Misc 2d 1042), is directly on point. In Weber, the court denied a motion to vacate a Family Court support order brought by the father who alleged that because the child was over 21, the court no longer had jurisdiction under section 466 of the Family Court Act to order child support. A separation agreement between the parties incorporated in a foreign divorce obligated the father to support the child past his 21st birthday so long as he was in college or professional school. "There is nothing in the statute”, the court wrote (p 1044), "to indicate that there was any intent on the part of the Legislature to restrict this court from fully enforcing agreements incorporated into decrees by courts of competent jurisdiction outside the State of New York.” Weber was cited approvingly in Wach v Wach (58 Misc 2d 335, 337): "Furthermore the jurisdiction of this court to enforce provisions of a separation agreement incorporated in the order of an out-of-State court of competent jurisdiction in a divorce or separation action may go beyond the basis provided in section 413 of the Family Court Act so as to require payments such as college or professional school tuition and other fees after the child has reached his 21st birthday.”
The court considers it of vital importance that the retarded son herein continue to receive not mere college expenses but basic support. Although the father may be held liable in another forum under the separation agreement for the full amount agreed therein, the court questions the effectiveness of contract remedies against him. The son is retarded and both he and his mother, unrepresented by counsel, are in Florida. In the past, the parties were frequently in this court. The record attests to the difficulties which the mother had in proving the means of the father, who is a dentist. Despite the drastic sanctions of this court available to the mother, substantial arrearages accrued.
*977 The petition for downward modification is dismissed since it alleges only that David is over 21 and does not allege in addition that David is now capable of being self-supporting.