OPINION OF THE COURT
Richard D. Huttner, J.
This is a motion to dismiss a proceeding for the enforcement of a support provision contained in a Mexican divorce decree brought under subdivision (c) of section 466 of the Family Court Act. The respondent moved to dismiss the petition contending that the Family Court lacks jurisdiction.
The parties executed a separation agreement on June 29, 1962. Pursuant to the terms of the agreement, the respondent agreed to pay alimony in the amount of $750 per month until the remarriage of the petitioner, and child support in the amount of $200 per month, per child, until said child attains age 25, or upon the completion of his or her college education.
On July 10, 1962 the parties secured a Mexican divorce. The aforesaid separation agreement was incorporated by reference but not merged into the decree. Subsequently, on September 19, 1966, the parties entered into another agreement which purported to modify the agreement of June 29, 1962. Under the 1966 agreement, the respondent agreed to pay child support in the sum of $375 per month, per child until said child attains age 21, and provided that support would continue until the child attained the age of 25, if he or she were attending college as a full-time or matriculating student.
The respondent contends that the support provisions contained in the Mexican divorce decree were terminated eo instanti upon the execution of the modification agreement. Perforce, it is contended that the Family Court does not have jurisdiction under subdivision (c) of section 466 of the Family Court Act since, it is argued, the decree no longer contains a currently viable support provision.
The court concurs with the respondent’s position regarding the Family Court’s jurisdiction under subdivision (c) of section *311 466 of the Family Court Act. Clearly, the instant action may proceed only upon a finding that the Mexican divorce decree contains a currently effective provision for support. (Silver v Silver, 36 NY2d 324; Wertheimer v Wertheimer, 50 AD2d 879.) Failing this, the matter must be dismissed with leave to the parties to seek their remedies in the Supreme Court in a plenary action.
The legal effect of incorporating the separation agreement into the divorce decree was the adoption and ratification by the Mexican court of each and every provision of said agreement. Stated otherwise, the agreement in its entirety was given decretal effect by virtue of its incorporation into the decree.
Since paragraph 18 of the 1962 agreement permitted the parties to modify the provisions of said agreement upon mutual accord, without the necessity of seeking judicial intervention, that part of the decree remains modifiable conditioned only on the mutual consent of the parties. The principal of law enunciated in Washburn v Washburn (137 Misc 658) is distinguishable. In the Washburn case, the court held that parties may not unilaterally modify, alter, vacate or amend court orders absent judicial sanction from the court that issued the decree. Here, the court implicitly permitted the parties to modify that part of the decree incorporating the 1962 agreement. In effect, the decree by its terms, was left open-ended, permitting modification of that portion. Perforce, any such modification must be given decretal enforcement.
It is axiomatic that the private settlement of disputes should be encouraged and litigation discouraged. (Galusha v Galusha, 116 NY 635, 646.) This is a principal reason that the courts are reluctant to alter a support obligation fairly made and based upon the mutual assent of the parties. (McMains v McMains, 15 NY2d 283.) As stated by Judge Nanette Dembitz, in Matter of Juliette S. v Williams S. (79 Misc 2d 765, 767), a case wherein the court gave decretal force and effect to the modified agreement, "[o]bviously it would defeat these policies to hold that petitioner could via the decree enforce the original agreement despite solemn modification of it.”
To hold otherwise in the instant case would produce an inequitable result relegating parties and the State to protracted litigation each time modification of the support provision of the decree is sought to be enforced. Indeed, the policy of article 4 of the Family Court Act, i.e., to provide a speedy *312 remedy to obtain support (Silver v Silver, 36 NY2d 324, supra), and the policy favoring private resolution of disputes, are best served through granting decretal enforcement of the modified agreement.
The respondent’s reliance on Van Name v Applegate (44 AD2d 726) is misplaced. There, the plaintiff and defendant obtained a Mexican divorce decree which incorporated but did not merge their separation agreement. The plaintiff commenced the action to enforce an agreement entered into after the defendant defaulted in making a lump-sum payment due under their separation agreement. In addition the plaintiff sought counsel fees pursuant to section 238 of the Domestic Relations Law. The matter was settled by the parties. The Appellate Division denied the application for counsel fees under section 238 of the Domestic Relations Law since they held the action was not one "to compel the payment of a sum of money required to be paid by the Mexican divorce decree.” (Van Name v Applegate, supra, p 726.) The court stated that the substituted promise "was an essentially different undertaking than that contained in the separation agreement” (Van Name v Applegate, supra, p 726).
Unlike the agreement in Van Name (supra) the modification agreement in the case at bar was, in fact, authorized by the Mexican divorce decree and, by virtue of the terms of the decree, the modification agreement is deemed incorporated therein, and is endowed with a decretal identity.
Relying on section 413 of the Family Court Act, the respondent seeks dismissal of that part of the petition seeking child support for children over the age of 21 years. Although it is true that section 413 of the Family Court Act limits the support obligation to children under the age of 21 years, the petitioner does not invoke this section as the basis of her petition. Rather, the obligation sought to be enforced arises from the Mexican divorce decree, which this court holds encompasses the modification agreement of 1966. Thus, the jurisdiction of the Family Court to compel the payment of child support is founded upon section 466 of the Family Court Act and the limitation contained in section 413 of the Family Court Act is inapplicable to the petition at bar. (Matter of Natalie M. v Philip M., 90 Misc 2d 974; Wach v Wach, 58 Misc 2d 335, 337; Weber v Weber, 51 Misc 2d 1042.)
The court, sua sponte, is constrained to dismiss that part of the petition that seeks an order directing the respondent to *313 reinstate a life insurance policy and to obtain a 20-year noncancelable renewable term life insurance policy. The Family Court acting under subdivision (c) of section 466 of the Family Court Act is vested with jurisdiction coextensive with the jurisdiction of the Supreme Court in determining questions of support and the enforcement of support orders. (Capelli v Capelli, 42 AD2d 905; Matter of Robert T. v Marcia T., 98 Misc 2d 557.) However, the jurisdiction of the Supreme Court in an enforcement proceeding is limited and does not encompass the authority to order a party to maintain life insurance policies since the maintenance of life insurance does not fall within the care, education and maintenance contemplated in section 240 of the Domestic Relations Law* (Flatto v Flatto, 59 AD2d 695; Enos v Enos, 41 AD2d 642).
Absent a specific reservation of jurisdiction in a divorce decree to enforce such provisions of a separation agreement as are capable of specific performance, the plaintiff must bring a plenary action on the agreement itself to obtain the relief sought. (Gilbert v Gilbert, 54 AD2d 752.) As a result, the Family Court’s jurisdiction, which is derived from the jurisdiction of the Supreme Court, cannot exceed the jurisdictional limits of the Supreme Court in like matters. Since life insurance is not an element of support (Enos v Enos, 41 AD2d 642, supra) the Family Court does not have jurisdiction to enforce the terms of the decree relating thereto.
The respondent has also requested that this court exercise its discretion under subdivision (c) of section 466 of the Family Court Act and dismiss the petition. The respondent, however, totally failed to set forth grounds to substantiate his request for dismissal.
The court finds that the interests of justice require that the Family Court retain its jurisdiction over the instant proceeding to the extent indicated in the foregoing decision.
The court finds that the application for counsel fees by petitioner’s attorney is premature at this time. Counsel is directed to resubmit his application for a determination by the court at the conclusion of the plenary hearing for support upon proper papers and upon notice to the attorney for the respondent.
Accordingly, based upon the foregoing decision, it is hereby *314 ordered that respondent’s motion to dismiss the petition be and hereby is denied, and it is further ordered that paragraphs four and five of the petition seeking an order directing the respondent to reinstate life insurance policy and to purchase another are hereby dismissed.
This matter is to be heard in Part 3 on May 10, 1979.

 Under a unified court system the entire claim could have been adjudicated herein but instead the parties must litigate this issue in a contract action in another forum.